Michael E. SHONE

v.

MAINE EMPLOYMENT SECURITY
COMMISSION.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1982.

Decided Feb. 11, 1982.

Francis M. Jackson (orally), South Port-
land, for plaintiff.

Thomas W. Saturley (orally), Alan A.
Toubman, Susan Farnsworth, Asst. Attys.
Gen., Augusta, for defendant.

Before McKUSICK, C. J., and GOD-
FREY, ROBERTS, CARTER, VIOLETTE
and WATHEN, JJ.

ROBERTS, Justice.

Michael E. Shone appeals from a judg-
ment of the Superior Court, Cumberland
County, affirming a decision of the Employ-
ment Security Commission which denied
him unemployment benefits. On appeal,
the claimant argues the Commission erred
as a matter of law when it refused to apply
the follow-the-spouse exception to the vol-
untary-quit disqualification under the
Maine Employment Security Law, 26 M.R.
S.A. § 1193. We affirm the judgment.

In 1978 Shone was laid off from his job
with the Portland Stove Foundry in Port-
land due to lack of work. After he failed to
find work in Canada, Shone secured a posi-
tion with the Scott-Atwater Foundry in
Minneapolis, Minnesota. While Shone was
away from Maine his wife initiated divorce
proceedings in Portland. On the weekend
of March 17–18, 1979, Shone learned a court
hearing was scheduled in Portland the fol-
lowing Wednesday. Without notifying his
employer, Shone flew back to Portland on
Sunday, the 18th of March. The day after
the hearing Shone called his roommate in
Minnesota who told him Shone's employer
would not take him back because he "had
left."

Before he left Portland, Shone began fil-
ing for unemployment benefits. He contin-
ued to do so until January 15, 1979, when he
reported his employment in Minnesota. On
April 5, 1979, after his return to Portland,
Shone again filed for benefits.[1] He was

---

1. The original benefit year resulting from the
claimant's employment with the Portland Stove

Foundry ended on October 21, 1979.

denied benefits following his refiling. The Deputy's decision found as fact that "[y]ou were last employed out of the State for 2 months as a laborer. You left your work on 3/17/79 as you had a divorce hearing in Portland." The deputy concluded "[y]our separation from your regular employment was voluntary without good cause attributable to such employment." The deputy disqualified Shone from receiving benefits from March 11, 1979, until he had earned $360.00. The Appeal Tribunal and then the Commission affirmed Shone's disqualification.[2]

Shone argues on appeal that the underlying reason he left his job in Minnesota to return to Maine was his desire to effect a reconciliation with his wife and as such he should come within the ambit of the follow-the-spouse exception of 26 M.R.S.A. § 1193(1)(A). That section provides in pertinent part that:

[a]n individual shall be disqualified for benefits ... [f]or the week in which he left his regular employment voluntarily without good cause attributable to such employment ... and disqualification shall continue until claimant has earned 4 times his weekly benefit amount in employment by an employer .... Leaving work shall not be considered voluntary without good cause ... if the leaving was necessary for the claimant to accompany, follow or join his spouse in a new place of residence and he can clearly show within 7 days upon arrival at the new place of residence an attachment to the new labor market and is in all respects able, available and actively seeking suitable work....

When reviewing a decision of the Employment Security Commission we look to determine whether there exists any competent evidence to support the findings made by the Commission and then to determine whether upon those findings the Commission has correctly applied the applicable law. *Tobin v. Maine Employment Security Commission*, Me., 420 A.2d 222, 224–25 (1980), *citing, Moore v. Maine Department of Manpower Affairs*, Me., 388 A.2d 516, 518 (1978). A review of the record indicates that the Commission did have evidence before it which would support a conclusion that Shone returned to Portland to attempt a reconciliation with his wife. The Commission was also presented with evidence, however, that attendance at a single court proceeding in Maine was the underlying reason Shone left his employment in Minnesota.

The Deputy initially found that Shone left his employment "as [he] had a divorce hearing in Portland." A statement signed by Shone which declares "I left voluntarily because of a divorce hearing here in Portland" directly supports this finding. The Appeal Tribunal found as fact that Shone left Minnesota after he "was notified ... to attend a hearing in the local courts regarding a civil matter." The Commission affirmed this decision stating that "[i]n this instance the separation from employment was due to personal reasons" after Shone "was informed that he was required to attend a court hearing in Portland, Maine." [3]

On appeal, we do not substitute our judgment for that of the agency on questions of

---

2. The Commission's administrative procedure involved a separate decision under the Trade Act of 1974, 19 U.S.C.A. §§ 2101–2487, as well as a reconsideration of both decisions because Shone had objected on procedural grounds. Shone has raised no issue concerning the applicability of the disqualification provisions of state law under 19 U.S.C.A. § 2294 to the trade readjustment allowance, 19 U.S.C.A. § 2291. In this appeal we address only the propriety of the Commission's findings as they relate to the applicability of the follow-the-spouse exception of 26 M.R.S.A. § 1193(1)(A).

3. The equivocal nature of the testimony regarding Shone's reasons for leaving his job and whether those reasons were based on a desire to attempt a domestic reconciliation or based upon the necessity of attendance at a court hearing is well evidenced by the following colloquy between Shone and his counsel before the Commission:

Q. [W]ould you tell us why you left?
A. While I was there I received a letter (inaudible) served divorce papers and I was supposed to be coming up to a divorce hearing, custody, you know, of my kid, and—
Q. Did you come back to rejoin your wife?
A. Yes, I did.

fact. *See* 5 M.R.S.A. § 11007(3). Rather, as we noted above, "[w]e review the administrative record to determine whether there is *any competent evidence* to support the findings of the Commission." *Tobin*, 420 A.2d at 224 (emphasis added). When so doing we examine whether there exists in the record such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Sanford Highway Unit of Local 481 v. Town of Sanford, Me.*, 411 A.2d 1010, 1013–14 (1980).

We conclude that there is competent evidence in the record to support the finding of the Commission that Shone left his employment to attend a court hearing in Maine. This finding justifies the Commission's conclusion that Shone's separation from his employment was voluntary without good cause attributable to that employment. Because we uphold the finding of the Commission, we need not reach the issue of whether the follow-the-spouse exception of 26 M.R.S.A. § 1193(1)(A) would apply had the claimant returned to this state in an attempt to resolve his domestic problems.

The entry is:

Judgment affirmed.

All concurring.