Diane A. ROY

v.

MAINE EMPLOYMENT SECURITY COMMISSION.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1982.

Decided Feb. 11, 1982.

Jolovitz & Niehoff, James M. LaLiberty (orally), Waterville, for plaintiff.

Peter Hayes Stewart, Asst. Atty. Gen., (orally), Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

Diane A. Roy appeals from a judgment of the Superior Court, Kennebec County, which affirmed a decision of the Maine Employment Security Commission denying her unemployment compensation benefits. Because of the inadequacy of the administrative record herein we vacate the judgment and remand the case to the Employment Security Commission for further proceedings.

Roy left her employment in a poultry processing plant in December, 1979. In January, 1980, she applied for unemployment benefits under the Maine Employment Security Law. A Deputy's Decision denied Roy benefits on the ground that "[t]he claimant left her regular employment voluntarily without good cause attributable to such employment." *See* 26 M.R.S.A. § 1193(1)(A). The Commission decision affirmed the denial of benefits because (1) Roy's illness was not attributable to her

employment, (2) the events which occurred at a meeting between Roy and her employer did not constitute good cause to quit, and (3) the illness and disability provisions of 26 M.R.S.A. § 1193(1)(A) did not apply as Roy failed to take all reasonable precautions to protect her job. The denial of benefits was upheld by the Superior Court.[1]

The record before us indicates, and the Commission found as fact, that in December, 1979 Roy was suffering from a nervous condition caused by domestic difficulties not related to her employment. The record further indicates that Roy's last day of work was December 19, 1979. At some time in December Roy presented her employer with a note from her doctor dated December 28, 1979, which stated: "Due to a recent medical condition, I feel that Mrs. Roy should take a leave of absence for two weeks duration." The employer, when presented with this memorandum, demanded further documentation. The employer apparently made this request because Roy previously had been absent from work although Roy testified without contradiction that a number of her absences resulted from work-related injuries. The meeting at which Roy presented the note and the employer demanded additional documentation was also attended by Roy's husband, and four others. Roy offered to have her employer call her doctor and offered to explain the details of her illness if the other men would leave the room. The employer replied that additional documentation was necessary. Roy's husband indicated to Roy that she should get done, whereupon Roy told the employer, "I'm all done." At some point Roy, through her union, was advised that the employer would not take her back.

Roy first argues that she left her job for good cause attributable to her employment, and is thus entitled to unemployment benefits pursuant 26 M.R.S.A. § 1193(1)(A). We find this argument unpersuasive.

Section 1193(1)(A) provides that an employee "shall be disqualified for benefits ... [f]or the week in which he left his regular employment voluntarily without good cause attributable to such employment ...." The Commission decision found as fact that Roy's "medical problem was a nervous condition which was caused by personal conflicts not related to her employment." Roy herself testified that she left her job as a result of domestic problems. This testimony provides competent evidence to support the finding of the Commission. *Tobin v. Maine Employment Security Commission*, Me., 420 A.2d 222, 224 (1980); *Moore v. Department of Manpower Affairs*, Me., 388 A.2d 516, 518 (1978). Moreover, this finding supports the conclusion reached by the Commission that Roy's medical condition did not constitute good cause attributable to her employment. *See Carter v. Maine Employment Security Commission*, Me., 356 A.2d 731, 732 (1976); *Toothaker v. Maine Employment Security Commission*, Me., 217 A.2d 203, 209 (1966).

Roy next argues that her meeting with her employer engendered good cause to leave her employment within the meaning of 26 M.R.S.A. § 1193(1)(A). The Commission concluded that "it was reasonable for the employer to request more details ...." The Commission found the employer's request reasonable because Roy "had an unsatisfactory attendance record." The employer testified that Roy had previously missed work and had received several warnings concerning her attendance record. Because there was competent evidence before the Commission that Roy's attendance record was unsatisfactory we cannot say that the Commission erred as a matter of law when it concluded that the employer's request for more information concerning Roy's illness was a reasonable request

---

1. The Superior Court docket sheet entry reads "Appeal Denied" ... "Judgment for the Defendants ... against the Plaintiff." The Administrative Procedure Act does not provide for the denial of appeals. 5 M.R.S.A. § 11007(4) states in pertinent part: "[t]he court may ... A. Affirm the decision ... B. Remand the case

... or C. Reverse or modify the decision...." Although the Superior Court judgment does not strictly accord with the provisions of Title 5, we interpret the "denial" of the claimant's appeal to be an affirmance of the decision of the Employment Security Commission.

which did not constitute good cause under the provisions of section 1193(1)(A). *See Tobin* 420 A.2d at 224.

Roy finally argues that the illness provision of 26 M.R.S.A. § 1193(1)(A) should here apply.[2] Given the record before us we are unable to reach the merits of this argument.

■ The Commission found that Roy left her job on December 19, 1979. We have found no evidence in the record to support this conclusion. Although the record does support a finding that Roy's last day of work was December 19, 1979, there is no evidence that she left her job within the meaning of 26 M.R.S.A. § 1193(1)(A) on that date. Moreover, the evidence in the record before us suggests that the meeting between the employer and Roy occurred not on December 19 as found by the Commission but on December 28, 1979. Roy's signed statement declares that the meeting occurred on December 28, 1979. In addition, we think it significant that the doctor's note Roy gave to her employer was dated December 28, 1979.

■ A court must know what an agency has determined in order to know what it must review. *Gashgai v. Board of Registration in Medicine*, Me., 390 A.2d 1080, 1085 (1978). The Commission has a duty to create a record that will reflect a rational exercise of administrative judgment. *Tobin*, 420 A.2d at 226. The only conclusion reached by the Commission as to the applicability of the illness exception is that "the claimant refused to supply her employer with necessary information as to the reasons for her leave request."

■ In order to qualify for unemployment benefits under the illness provision of 26 M.R.S.A. § 1193(1)(A) an employee must leave work due to illness and take all reasonable precautions to protect her employment status by promptly notifying the employer as to the reasons for her absence and promptly requesting reemployment when she is again able to resume employment. Here, the failure of the Commission properly to determine the chronology of events leaves this Court without a clue as to whether Roy met with her employer to give notice of the reasons for an absence, sought to justify a prior absence, sought a yet untaken leave of absence or some combination thereof.

If, on remand, the Commission determines the chronology of events was such that the meeting constituted a notification to the employer by Roy as to the reasons for her absence, as anticipated by section 1193(1)(A), then the Commission must consider whether she promptly requested reemployment. In this respect, we note that the record suggests that at some point in December Roy was notified by her union that her job was no longer available. There exists no finding in the record, however, as to whether that notification took place before or after the meeting between Roy and the employer, whether that representation was true, whether the union had either real or apparent authority to make that representation and whether such notification rendered any subsequent request by Roy for reemployment futile. *See Freve v. Maine Employment Security Commission*, Me., 237 A.2d 584, 585 (1968).

■ The Commission first must determine the *facts* necessary for a rational evaluation of whether Roy took all reasonable precautions to protect her employment status. The Commission then must make that evaluation in light of the standard we announced in *Therrien v. Maine Employment Security Commission*, Me., 370 A.2d 1385, 1391 (1977), *viz.*, whether the acts taken by Roy were the acts a reasonable person acting reasonably under similar circumstances would have taken to ensure her employment status.

2. The "illness" provision of 26 M.R.S.A. § 1193(1)(A) provides:

"[l]eaving work shall not be considered voluntary without good cause when it is caused by the illness or disability of the claimant or of his immediate family and the claimant took all reasonable precautions to protect his employment status by having promptly notified his employer as to the reasons for his absence and by promptly requesting reemployment when he is again able to resume employment . . . ."

 Both parties to this appeal apparently overlooked Roy's certification signed on January 7, 1980, to the effect that during the week ending January 5, 1980, "I have been able to work and available for work and have been actively seeking work." On remand the Commission may consider the significance of that certification. The provisions of section 1193(1)(A) must, of course, be read in conjunction with the eligibility conditions of 26 M.R.S.A. § 1192(3) which require an individual to be "able to work ... available for full-time work ... and ... actively seeking work ..." to be eligible for unemployment benefits.

For the reasons given above, we remand this case to the Commission for further proceedings. In particular, the Commission must determine the facts relevant to the application of the provisions of 26 M.R.S.A. § 1193(1)(A). Having determined the necessary facts the Commission should then articulate its reasons for concluding whether good cause here exists or whether the illness exception of section 1193(1)(A) should here apply in order that a reviewing court may then determine whether the Commission reached its conclusion in a rational manner.

The entry is:

Judgment vacated.

Remanded to the Superior Court for remand to the Employment Security Commission for further proceedings consistent with the opinion herein.

All concurring.