## W. S. LIBBEY COMPANY

v.

## MAINE EMPLOYMENT SECURITY COMMISSION.

Supreme Judicial Court of Maine.

Argued March 12, 1982.

Decided June 1, 1982.

Skelton, Taintor & Abbott, P.A., Stephen P. Beale (orally), Thomas E. Audet, Lewiston, for plaintiff.

Peter J. Brann (orally), Susan P. Herman, Asst. Attys. Gen., Employment Security Commission, Augusta, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

ROBERTS, Justice.

W. S. Libbey Company (Libbey) sought review in Superior Court, Androscoggin County, of a decision of the Maine Employment Security Commission (Commission). The Superior Court reversed the decision of the Commission that Libbey's former em-

ployee was not discharged for work connected misconduct and remanded to the Commission with directions to correct the employer's experience rating.[1] On appeal, the Commission asserts that the Superior Court erred in its holding that the Commission's decision was clearly erroneous. We agree with the Commission and therefore reverse the judgment of the Superior Court.

Carl Miner was employed by Libbey as a lubrication specialist. In September of 1980, he was discharged on the ground that he had stolen a five pound box of powdered soap from the workplace. He subsequently applied for and received unemployment benefits. In the hearing on Libbey's appeal from the Deputy's decision, Miner admitted taking the soap but claimed that he took the soap to fill an empty soap container in another washroom. The Appeal Tribunal accepted this explanation in finding that Miner's discharge was not for misconduct in connection with his employment.

Specifically, the Appeal Tribunal found in pertinent part:

Section 1043–23 of the Employment Security Law defines misconduct, in part, as to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

The employers rule calling for the immediate dismissal for an individual who has illegally taken items from the employer's establishment is reasonable. However, the employer's action in this case does not have a reasonable basis. It is true that the claimant took soap from the janitor's cart but from this point on the employer has no proof that the claimant intended or actually took the soap for his own personal use. The claimant's contention that he filled the soap dispenser in the wash room has reasonable basis because he returned a half a box. It would not be reasonable for him to take a five pound box soap, remove approximately half and return the remainder. From the testimo-

ny presented at the hearing it is not evident that the claimant intentionally tried to hide this. When the foreman asked him if he had taken the soap he readily agreed that he had. Such action on the part of the claimant does not indicate an intentional or substantial disregard of the employer's interest.

The Commission adopted and affirmed the decision of the Appeal Tribunal. The Superior Court, however, characterized Miner's testimony as "too incredible to be accepted as a basis for findings by a factfinder." The court viewed the Commission's reliance upon Miner's testimony as clearly erroneous and therefore reversed the decision below.

■ On appeal, we are faced with a single issue: whether the Superior Court erred in rejecting as clearly erroneous the factual premise underlying the decision of the Commission. We therefore review the administrative record to determine whether there is competent evidence to support the finding of the Commission. *Shone v. Maine Employment Security Commission*, Me., 441 A.2d 282, 283, 284 (1982); *Tobin v. Maine Employment Security Commission*, Me., 420 A.2d 222, 224 (1980).

■ The testimony before the Appeal Tribunal reveals that Miner took a box of powdered soap from a janitor's workcart, stated "just what I needed," and walked to another part of the mill. Miner's supervisor testified that when he asked Miner about the missing soap, Miner admitted having the box in his car, and that when asked to return it, he walked toward a building exit. The supervisor, however, did not see Miner leave the building. Ultimately, half of a box of soap was returned to the workcart. Later that day, the Plant Engineer confronted Miner about the incident. Miner admitted taking the soap and accepted the Plant Engineer's offer that Miner resign from his position. Miner offered no explanation to either his supervisor or the Plant Engineer as to why he took the soap.

1. The employee did not participate in the Superior Court review or in this appeal, apparently because of the Commission's view that the Superior Court decision would not affect the award of compensation.

Miner's testimony did not contradict the account presented above. Miner stated that he took the soap to fill an empty container in another washroom. He indicated that the request that he quit left him in shock. Miner also stated that he did not mean "car" but rather his maintenance "cart" when he spoke to his supervisor with respect to the location of the soap.

The Superior Court viewed Miner's testimony as inherently improbable. In support of this characterization, the court noted a number of factors including:

(1) Miner's statement that he took the soap to his car and that the soap was "just what I needed."

(2) Miner's movement towards an exit rather than the washroom with the unfilled soap dispenser after being requested to return the soap.

(3) Miner's failure to offer to either his supervisor or the Plant Engineer any exculpatory explanation for taking the soap.

(4) Miner's initial testimony suggesting that at the time of the discharge, he did not know why he was asked to quit.

Had these factors been noted by the Superior Court in an analysis and reconciliation of variations in testimony before the court, we would uphold the Superior Court's disbelief of Miner's testimony. Here, however, the factfinding process occurred at the administrative level and the Superior Court acted solely as a reviewing court. As such, it may only reverse the decision of the Commission when it can be viewed as unsupported by substantial evidence, or clearly erroneous. 5 M.R.S.A. § 11007(4)(C)(5); *Sanford Highway Unit of Local 481 v. Town of Sanford*, Me., 411 A.2d 1010, 1013–14 (1980) (clearly erroneous and substantial evidence standards are the same). Our review of the administrative record leads us to hold that the decision of the Commission is supported by competent evidence. The Appeal Tribunal simply believed and relied upon Miner's testimony in concluding that there was no intentional or substantial disregard of the employer's interest. Given that it is the factfinder who is in the best position to evaluate the credibility of witnesses, *see Blackmer v. Williams*, Me., 437 A.2d 858, 863 (1981); *Lewisohn v. State*, Me., 433 A.2d 351, 355 (1981); *Qualey v. Fulton*, Me., 422 A.2d 773, 776 (1980), the testimony of Miner is not so farfetched as to compel its disbelief by the administrative agency. The proper function of judicial review of administrative action does not involve a fresh determination of credibility.

The entry is:

Judgment vacated.

Remanded to Superior Court for entry of an order affirming the decision of Maine Employment Security Commission.

All concurring.