**Donald A. BEAN**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1984.

Decided Dec. 13, 1984.

Mittel & Hefferan, Michael P. Asen (orally), Portland, for plaintiff.

Pamela W. Waite, Asst. Atty. Gen. (orally), Augusta, John E. Larouche, Deputy Atty. Gen., for Maine Unemployment Ins. Comm.

Bernstein, Shur, Sawyer & Nelson, Linda A. Monica, Patrick J. Scully (orally), Portland, for University of Maine.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

Plaintiff Donald Bean appeals from a judgment entered by the Superior Court (Cumberland County) affirming a determination by the defendant Maine Unemployment Insurance Commission (Commission) that the plaintiff left regular employment voluntarily and without good cause attributable to such employment within the meaning of 26 M.R.S.A. § 1193(1)(A) (Supp. 1984–1985). We find no error and deny the appeal.

Plaintiff Bean was employed by defendant University of Maine (UM) as Assistant to the Provost of the Farmington campus from October 1, 1981 to June 30, 1983. In April 1983, plaintiff learned that his position was to be abolished as part of a general budget-cutting measure. His position was scheduled to terminate on June 30, 1983, which was the end of his contract period.

To protest the termination of his position, plaintiff filed a grievance in accordance with UM's "Grievance Procedures for Non-Represented Employees." The interim provost, William Geller, responded. Geller acknowledged that plaintiff's first complaint, failure to provide written notification, was valid, and indicated that proper notice would be forthcoming. To plaintiff's second and third complaints,[1] Geller responded that because he did not make the decisions outlined in plaintiff's complaint, he could not properly respond. Under the caption "Your Request for Grievance," Geller responded: "That you may maintain the Assistant to the Provost position until December 10, 1983. At that time the position will be abolished."

Plaintiff refused the employment offer because, as he communicated to UM and later testified before the Appeal Tribunal, he believed that the offer was conditioned on the abandonment of his grievance. Plaintiff continued to pursue the grievance procedure outlined in the UM grievance procedures booklet and terminated his employment on June 30, 1983.

Plaintiff applied to the defendant Commission for unemployment benefits, which a deputy of the agency denied in July 1983. The deputy based the denial on the finding that plaintiff had voluntarily left his job without good cause attributable to his employment. Plaintiff appealed to the Appeal Tribunal which, after conducting a hearing, affirmed the deputy's decision. The Commission adopted and affirmed the Appeal Tribunal's decision.

Plaintiff then petitioned the Superior Court for review pursuant to M.R.Civ.P. 80C; the denial was affirmed. Plaintiff now seeks review of that denial, arguing that the Superior Court interpreted the appropriate standard of review too restrictively and that the court erred in holding that the Commission had made sufficiently specific findings of fact.

## I.

■ When reviewing a decision of the Maine Unemployment Insurance Commission, we examine the record to determine whether any competent evidence supports

---

1. The record does not contain a copy of this grievance.

the Commission's findings, as well as to determine whether the Commission has applied the applicable law. *Brousseau v. Maine Employment Security Commission*, 470 A.2d 327, 329 (Me.1984); *Shone v. Maine Employment Security Commission*, 441 A.2d 282, 283 (Me.1982). The controlling statute in this case is 26 M.R. S.A. § 1193(1)(A), which provides in part as follows:

§ 1193 **Disqualification**

An individual shall be disqualified for benefits:

**1. Voluntarily leaves work.**

A. For the week in which he left his regular employment voluntarily without good cause attributable to such employment, ... and disqualification shall continue until claimant has earned 4 times his weekly benefit amount in employment by an employer; ....

26 M.R.S.A. § 1193(1)(A) (Supp.1984–1985).

The Commission affirmed and adopted the Appeal Tribunal decision. The Appeal Tribunal provided the following as part of its "Reasons for Decision":

Where the claimant chose to leave this work on June 30, 1983, rather than continue to work until December 10, 1983, it is found that his separation was voluntary. However, what has to be decided is whether or not such leaving was the fault of the employment. Although the claimant concluded that the letter of June 6, 1983, in response to his grievance, was a redress to all three complaints and that to continue to work beyond June 30, 1983 would be accepted as resolution to the grievance, this Tribunal does not agree with that conclusion, since it appears that redress was only to the complaint of not having received proper written notification of elimination of the position of Assistant to the Provost, and that the Interim Provost was not able to respond to the other complaints because he had not made those decisions. It is found that the claimant acted hastily in abandoning this position, and such leaving was not the fault of the employ-

ment, since there was further work available for him after June 30, 1983.

Plaintiff Bean does not contest the finding that he left his employment voluntarily. Nor does the record indicate that he left his job for personal reasons, such that the cause was not "attributable to such employment." Thus, we must determine whether the Commission erred in finding that he left "without good cause."

Whether plaintiff had good cause to terminate his employment depends on the accuracy of his assertion that UM's offer of employment until December 10, 1983 was conditioned on the discontinuance of his grievance claims. If UM had so conditioned the employment offer and his grievance had merit, it would seem reasonable for plaintiff to terminate his employment in order to preserve his right to pursue his grievance. If UM did not condition the offer, plaintiff's departure would have been unreasonable and without good cause.

The Commission had before it conflicting evidence as to whether UM conditioned its employment offer on plaintiff dropping his grievance claims. Significantly, the only indications in the record that UM expressly conditioned its offer are plaintiff's own assertions in his communications to UM, the Department of Labor, and the Commission. The record does not indicate that UM ever corrected what it now claims was plaintiff's misunderstanding.

On the other hand, the UM grievance procedures manual contains no express statement that acceptance of redress to any or all complaints constitutes satisfactory resolution of the grievance. Further, because Geller wrote that he did not possess sufficient knowledge to respond to plaintiff's second and third complaints, the reasonable interpretation of Geller's initial response to plaintiff's grievance is that the employment offer was intended as redress only to the notice defect. Indeed, when questioned before the Appeal Tribunal, plaintiff himself was unable to point to any specific authority for his belief.

Whatever, plaintiff's subjective belief may have been, "good cause" must be "measured against a standard of reasonableness under all circumstances." *Kilmartin v. Maine Employment Security Commission,* 446 A.2d 412, 414 (Me.1982). Although UM did not appear at the Appeal Tribunal hearing, plaintiff himself presented conflicting evidence as to the reasonableness of his belief. We have repeatedly indicated that such conflicts are for the fact finder to resolve. *See, e.g., W.S. Libbey Company v. Maine Employment Security Commission,* 446 A.2d 42, 44 (Me. 1982). The Superior Court could only have reversed the Commission's decision if it was unsupported by substantial evidence, or clearly erroneous. *Libbey,* 446 A.2d at 44; *Sanford Highway Unit of Local 481 v. Town of Sanford,* 411 A.2d 1010, 1013–14 (Me.1980). Because we find that the Commission had substantial evidence before it to determine that plaintiff left his employment without good cause, we find that the Superior Court did not err in affirming the Commission's decision.

## II.

Finally, the plaintiff contends that the Superior Court erred in finding that the Commission made sufficiently specific findings of fact, as required by 5 M.R.S.A. § 9061 (1979),[2] with respect to the reasonableness of his action in leaving work. We disagree.

Plaintiff bore the burden of convincing the Commission that his belief that UM had conditioned its employment offer was reasonable. *See Kilmartin v. Maine Employment Security Commission,* 446 A.2d 412, 414 (Me.1982). As we have noted, plaintiff himself presented conflicting evidence on this issue. In its decision, which was affirmed and adopted by the Commission, the Appeal Tribunal specifically stated that it could not accept plaintiff's con-

clusion that UM's offer of employment was conditioned on him dropping his grievance claims. The Appeal Tribunal also specifically found that the plaintiff acted hastily in leaving his job.

Section 9061 does not require that an agency make detailed incident by incident fact-finding. *Cotton v. Maine Employment Security Commission,* 431 A.2d 637, 639 (Me.1981). It merely requires that the agency include findings of fact sufficient to apprise parties and interested members of the public of the basis for the decision. 5 M.R.S.A. § 9061. The Commission rejected plaintiff's conclusion that the employment offer was conditional and found that plaintiff was hasty in terminating his employment. The Commission implicitly determined that plaintiff's belief was unreasonable, and therefore met the notice function of section 9061. We find that the Superior Court did not err in holding that the Commission had made sufficiently specific findings of fact.

The entry is:

Judgment affirmed.

All concurring.

---

2. 5 M.R.S.A. § 9061 (1979) provides in part:
   **§ 9061. Decisions**
   Every agency decision made at the conclusion of an adjudicatory proceeding shall be in writ-

ing or stated in the record, and shall include findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision.