**Gregory NICKENS, Plaintiff,**

**v.**

**W.W. GRAINGER, INC., Defendant.**

**No. 85–1453–CV–W–1.**

United States District Court,
W.D. Missouri, W.D.

Sept. 17, 1986.

Gregory G. Nickens, Kansas City, Mo., James Marshall Smith, Provisionally Appointed, Legal Aid of Western Missouri, Kansas City, Mo., for plaintiff.

Leonard Singer, Kansas City, Mo., (Watson, Ess, Marshall & Enggas, Henry F. Galatz, Skokie, Ill., of counsel), for defendant.

---

**570**

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This is an action brought pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, which pends on plaintiff's motion for partial summary judgment on his Section 1981 claim. For the reasons stated, plaintiff's motion will be denied.

Plaintiff was employed by defendant from November 1, 1982 until his termination on November 21, 1984. Defendant attributes its decision to terminate plaintiff to his poor attendance record, and contends that the disciplinary actions it took against plaintiff were in accordance with its written attendance policy.

After his termination, plaintiff sought and was awarded unemployment compensation by the Missouri Division of Employment Security. Plaintiff also filed a complaint with the EEOC, charging defendant with race discrimination. After an investigation, the EEOC declined to pursue the charges, and plaintiff instituted the present suit. Plaintiff now urges this Court to grant summary judgment on his Section 1981 claim on the ground that the Missouri agency's decision awarding him unemployment benefits conclusively determined the facts necessary to prove his Section 1981 claim.

In support of this argument, plaintiff cites the recent Supreme Court opinion in *University of Tennessee v. Elliott,* — U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). *Elliott* held that a state administrative determination that found no racial motivation behind an employee's termination precluded relitigation of the issue in the employee's federal suit brought under Section 1983. Several facts present in this case, however, distinguish it from *Elliott* and make summary judgment inappropriate.

First, the *Elliott* court only accorded the administrative judgment involved there as much preclusive effect as it would have

had in the courts of the state in which it was rendered. —— U.S. at ——, 106 S.Ct. at 3226. Thus, we must look to Missouri law to determine the collateral estoppel effect of plaintiff's unemployment compensation award. *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979), enumerated the necessary elements under Missouri law warranting use of collateral estoppel:

> (1) Whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party. or in privity with a party to the prior adjudication ... most courts have added a fourth factor ...: whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit ... Fairness is the overriding consideration.... (Emphasis in original).

*See also Duncan v. Clements,* 744 F.2d 48, 51 (8th Cir.1984); *Hudson v. Carr,* 668 S.W.2d 68, 70 (Mo. banc 1984).

The requirement that the issue previously adjudicated be identical to the one presently under consideration is not met in this case. In order to support its award of unemployment compensation to plaintiff, the Missouri commission had only to find that he had not engaged in "misconduct" resulting in his termination. In contrast, to prevail on his Section 1981 claim, plaintiff must prove that defendant intentionally discriminated against him because of his race. Although both issues may ultimately turn on the factual circumstances demonstrating plaintiff's compliance or non-compliance with defendant's attendance policy, determination of one issue does not foretell the outcome of the other.

The Missouri commission found that plaintiff's work and attendance record does not demonstrate "misconduct" as that term is defined by Missouri unemployment com-

pensation law. *See Powell v. Division of Employment Security*, 669 S.W.2d 47, 50–51 (Mo.Ct.App.1984) (defining misconduct). The commission did not, however, determine or even consider whether defendant invoked the attendance policy as a pretext to terminate plaintiff, masking its true discriminatory motive. Thus, under the *Elliott* formulation, administrative collateral estoppel should not be applied where, as here, there is an insufficient identity of issues.

Moreover, it would be unfair to estop an employer from defending a federal discrimination suit, in which its potential liability far exceeds that imposed in state administrative unemployment proceedings. By the same token, an employee should not be estopped from maintaining a subsequent Section 1981 action in the event the commission should deny unemployment compensation on the ground of "misconduct" under the facts of a particular case. In either instance, the parties lack the incentive to litigate in the unemployment compensation hearing the issues that are subject to litigation in a subsequent Section 1981 action. Application of collateral estoppel in such a context would violate the ultimate consideration of fairness, on which its use must be based. *See Oates*, 583 S.W.2d at 719.

Accordingly, it is

ORDERED that plaintiff's motion for partial summary judgment should be and is hereby denied.