**Anthony SEWALL, Plaintiff,**

v.

**Joseph TAYLOR in his official capacity as General Manager of the Portland Water District, and the Board of Trustees of the Portland Water District, Defendants.**

**Civ. No. 86–0386 P.**

United States District Court,
D. Maine.

Nov. 4, 1987.

Jeffrey A. Thaler, Lewiston, Me., Harold L. Lichten, Boston, Mass., for plaintiff.

Rodger W. Lehr, Jr., Portland, Me., for defendants.

MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE RELITIGATION OF CERTAIN FACTUAL ISSUES

GENE CARTER, District Judge.

This matter involves the allegedly unlawful discharge on March 7, 1986, of plaintiff Anthony Sewall from his position as Director of Employee Relations for the Portland Water District. Plaintiff originally alleged five grounds for relief in his complaint, all but two of which they have

agreed to dismiss. The remaining two claims, alleging violations of Plaintiff's rights under the First and Fourteenth Amendments, are brought pursuant to 42 U.S.C. § 1983 and thereby invoke the subject matter jurisdiction of this Court.

Currently before the Court is Plaintiff's Motion *In Limine* to collaterally estop Defendants from relitigating certain factual issues previously litigated before the Maine Unemployment Insurance Commission. Plaintiff was discharged on March 7, 1986, and on March 10 he applied for unemployment insurance benefits. Unemployment insurance benefits were subsequently granted. The Portland Water District appealed the decision to the Appeal Tribunal of the Maine Unemployment Insurance Commission on April 9, 1986. That Tribunal held a two-day evidentiary hearing and issued a seven-page decision on June 17, 1986, affirming the decision to grant unemployment benefits. The District appealed, and the Tribunal's decision was affirmed and adopted by the Maine Unemployment Insurance Commission. The District appealed once again to the Superior Court under Rule 80C of the Maine Rules of Civil Procedure. That case is currently pending before that Court.[1]

In the recent case of *University of Tennessee v. Elliott,* — U.S. —, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court stated that federal courts must give preclusive effect to the factfinding of a state agency if that agency acted in a judicial capacity, resolved questions of fact properly before it, and granted parties an adequate opportunity to fairly litigate their claims:

> Accordingly, we hold that when a state agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," [*Unit-*

 *ed States v.*] *Utah Construction & Mining Co., supra,* 384 U.S. [394], at 422, 86 S.Ct. [1545], at 1560 [16 L.Ed.2d 642 (1966)] federal courts must give that agency's factfinding *the same preclusive effect to which it would be entitled in the State's courts.*

*University of Tennessee v. Elliott,* 106 S.Ct. at 3227. (emphasis added)

This Court, then, must determine what preclusive effect the findings of fact of the Maine Unemployment Insurance Commission would be entitled to in Maine's courts. Under direct review, the factual findings of a state agency acting in a judicial capacity will not be overturned if such findings are supported by any competent evidence. *Shone v. Maine Employment Security Commission,* 441 A.2d 282, 283 (Me.1982); *H-C Management Co., Inc. v. Maine Department of Labor,* 513 A.2d 834 (Me. 1986). The Court must determine what preclusive effect Maine courts would give to issues of fact previously litigated before a state administrative tribunal in subsequent unrelated litigation under principles of *res judicata* or collateral estoppel.[2]

Maine courts have long recognized the principle of collateral estoppel where the parties to a subsequent action are the same but the causes of action are different. *Cianchette v. Verrier,* 155 Me. 74, 89, 151 A.2d 502 (1959). In such a case, the prior judgment is only conclusive upon the issues actually tried. *Bray v. Spencer,* 146 Me. 416, 82 A.2d 794 (1951). Here, the parties in interest are the same but the causes of action are not. This Court is considering constitutional claims arising from Plaintiff's discharge, whereas the Commission was determining the narrower question of whether Plaintiff was entitled to unemployment benefits under the applicable state statute, 26 M.R.S.A. § 1041 *et seq.* The Commission determined that Plaintiff was

---

**1.** Plaintiff has recently brought to the Court's attention that the decision of the Maine Unemployment Insurance Commission was affirmed on appeal to the Maine Superior Court, No. CV-86-975 (filed October 20, 1987). That decision remains subject to further appeal to the Maine Law Court during a 30 day period for appeal. M.R.Civ.P. 73(a).

**2.** The Court notes that neither party has generated the issue of possible differences in the burden of persuasion between proceedings before the Tribunal Judge and proceedings currently before this Court. *See* 18 Wright, Miller, & Cooper Federal Practice and Procedure: Jurisdiction § 4422 (1981).

eligible for benefits because he was not discharged for "misconduct" as defined under the Employment Security Law.[3] In contrast, in assessing Plaintiff's freedom of speech claim, the factfinder in the present action must determine whether Plaintiff was discharged because he exercised his constitutional rights. Simply put, the legal issues are not identical in these two actions. *See Nickens v. W.W. Grainger, Inc.,* 645 F.Supp. 569, 570 (W.D.Mo.1986) (determination that plaintiff had not engaged in "misconduct" did not preclude litigation on issue of whether his discharge was due to intentionally discriminatory motive in Title VII action, 42 U.S.C. § 1981).

Under Maine law, when the issues are different, "res judicata cannot be upheld and [collateral estoppel] is conclusive only to such facts without proof of which [the prior decision] could not have been rendered." *Chandler v. Dubey,* 378 A.2d 1096, 1098 (Me.1977) (quoting *Cianchette v. Verrier,* 155 Me. at 89, 151 A.2d 502). Therefore, only those facts essential to the Commission's finding of no misconduct on the part of the Plaintiff are entitled to preclusive effect in the present action between the two parties: "Under the existing doctrine of collateral estoppel, when an essential fact or question is actually litigated on the merits and determined by a valid final judgment, the determination is conclusive between the same parties and their privies on a different cause of action."

*Hossler v. Barry,* 403 A.2d 762, 767 (Me. 1979). Although the issue of whether Plaintiff's discharge was in violation of his first amendment rights is not precluded by the Insurance Commission's administrative decision, the factual issue of the reasons for his dismissal were actually litigated and may be given preclusive effect.[4]

▋ As a preliminary matter, the Court notes that Defendants have not contested the fact that the Commission was acting in a judicial capacity, that the parties in interest are the same herein, or that they were afforded a full and fair opportunity to litigate before the administrative tribunal.[5] Three remaining questions must be resolved, however, before this Court may grant preclusive effect to any issues of fact litigated in the prior proceeding before Appeal Tribunal: (1) whether the Tribunal's judgment is "final" for purposes of res judicata when it is currently subject to appeal; (2) which factual findings were "essential" to the Tribunal's judgment that Plaintiff was not dismissed for "misconduct", for only those factual issues are entitled to preclusive effect under Maine law and general res judicata principles;[6] and (3), whether collateral estoppel is appropriate as applied to certain litigated issues of fact when there is no identity of issues between this action and the administrative adjudication.

---

**3.** Under section 1193(2) of the Employment Security Law, 26 M.R.S.A. § 1193, an employee is disqualified for benefits if discharged for misconduct. Section 1043(23) defines misconduct as "conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."

**4.** *See Barnes v. McDowell,* 647 F.Supp. 1307 (E.D.Ky.1986) (issue of unconstitutional motivation under § 1983 claim was not precluded by administrative decision of Personnel Board, although the issue of the reasons for the Board's dismissal and their justification were actually

litigated); *but see Polk v. Yellow Freight System, Inc.,* 801 F.2d 190, 194 (6th Cir.1986) (administrative determination by Employee Security Commission that plaintiff was discharged for misconduct precludes her from relitigating the issue of whether she was discharged without just cause).

**5.** Both parties were afforded ample opportunity to fully litigate the issue of entitlement to unemployment benefits before a Deputy. During the course of the two-day evidentiary proceeding, both parties submitted briefs, introduced exhibits, gave oral testimony, and were represented by counsel.

**6.** *See Cianchette v. Verrier,* 155 Me. at 89, 151 A.2d 502; Restatement (Second) of Judgments § 27 (1982); 18 Wright, Miller, & Cooper Federal Practice and Procedure: Jurisdiction § 4421 (1981).

Because of the Court's ultimate conclusion, extended analysis of the first two questions is not required and it suffices to say that the Court is satisfied that they can be appropriately resolved to permit preclusive use herein of the Tribunal's finding that:

> The claimant was discharged on March 7, 1986, by the General Manager because; (1) he addressed personnel concerns directly to the Board of Directors rather than going through the General Manager; and (2) he engaged in concerted action with other senior management to change working conditions by going to the Board.

The Court finds, however, that the use of offensive collateral estoppel to preclude relitigation of the above factual issues would be inappropriate in this case. As noted above, the legal issues presented before this Court and those decided by the administrative tribunal are not identical. Defendants' potential liability in the state administrative unemployment proceeding is far less than it is in a suit for unlawful discharge brought pursuant to 42 U.S.C. § 1983. For both parties, there is less incentive to exhaustively litigate in an unemployment compensation hearing the factual issues that are subject to litigation in a subsequent § 1983 action. It would be unfair to permit the use of collateral estoppel under these circumstances. *Nickens v. W.W. Grainger, Inc.,* 645 F.Supp. at 571. Maine courts have long recognized that the use of collateral estoppel should be permitted on a case-by-case basis and should not be sanctioned where it would be unfair to a party or where it would not serve the ends of justice:

> We are persuaded that the reasons justifying collateral estoppel would generally be advanced by permitting its use offensively on a case-by-case basis.... It may be that in some cases it would be particularly unfair to the defendant if the estoppel were applied. If that is true, the court need not sanction its use; collateral estoppel is, after all, a flexible

doctrine meant to serve the ends of justice not to subvert them.

*Hossler v. Barry,* 403 A.2d at 769.

The Court further concludes that the use of collateral estoppel in this instance would not promote judicial economy nor significantly reduce the burden of litigation on Plaintiff. Plaintiff will have to litigate both his constitutional claims regardless of whether the above issues of fact are given preclusive effect. Although Plaintiff may perceive a tactical advantage in the use of offensive collateral estoppel in this case, the doctrine of collateral estoppel must ultimately be justified on principles of finality, certainty, and the proper administration of justice. *Hossler v. Barry,* 403 A.2d at 769. In the present case, the ends of justice are better served by allowing full litigation of these issues.

\*     \*     \*     \*     \*     \*

For the reasons set forth above, it is hereby ORDERED that Plaintiff's motion be, and hereby is, DENIED.