STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          CIVIL ACTION
                                        Docket No. AP-04-030

                                        A??-?? ?-?????


MARK DOBBINS,                    )
                                 )
                Plaintiff        )
                                 )
v.                               )      OPINION: ORDER ON RULE 80C
                                 )              APPEAL
STATE OF MAINE,                  )
UNEMPLOYMENT INSURANCE           )      ┌─────────────────────────┐
COMMISSION,                      )      │   FILED & ENTERED       │
                Defendant        )      │   SUPERIOR COURT        │
                                        │     SEP 22 2005         │
                                        │  PENOBSCOT COUNTY       │
                                        └─────────────────────────┘


This matter is before the Court on appeal pursuant to 5 M.R.S.A. §§11001-11008

(2004) and Rule 80C of the Maine Rules of Civil Procedure from a decision of the Maine

Unemployment Insurance Commission ("**Commission**"), in which the Commission held

that Mark Dobbins ("**Petitioner**") was ineligible for unemployment insurance benefits.[1]

Petitioner filed this appeal. The issue before this Court is whether there is sufficient

evidence in the record to support the Commission's determination that Petitioner was

discharged for misconduct within the meaning of 26 M.R.S.A. § 1193(2) and § 1043(23).

Petitioner worked as a supervisor of maintenance operations and processing

equipment mechanic for the United State Postal Service ("USPS") from 1975 until

January 1, 2004. Petitioner was scheduled to attend a six-week training program in

---

[1] Petitioner originally appealed to the Division of Administrative Hearings which held he was discharged, but not for misconduct. Employer appealed this decision to the Commission, which affirmed the decision. Employer then requested reconsideration, and after further hearings the Commission set aside its earlier decision and found Petitioner was discharged for misconduct associated with his work. (R. at 39-45). Petitioner then requested reconsideration which was denied. This appeal followed.

1

Oklahoma in August of 2003. On the way to Oklahoma, Petitioner exchanged his seat for a later flight, and, in doing so, received a $300 voucher. It is against USPS policy to give up one's airline seat. Petitioner arrived in Oklahoma eleven hours later than originally scheduled, which resulted in overtime and per diem payments. Petitioner did not seek prior approval for this flight change, not did he give a medical excuse for switching flights, although he did say later that he missed the flight as a result of kidney stones.

On two different return trips to Maine, Petitioner misrepresented the travel dates on his forms, and recorded improper charges on his travel forms. A postal inspector was called in to investigate the matter. Petitioner was subsequently discharged for falsifying travel documents.

## DISCUSSION

**A. Standard of Review**

The Court's review of the Commission's determination is very limited. The Commission's rulings may be reversed or modified on appeal only if the Court determines that they are unsupported by substantial evidence on the whole record, were affected by error of law or were "arbitrary or capricious as characterized by abuse of discretion." 5 M.R.S.A § 11007(4)(C)(4)(5)(6). Accordingly, the Law Court has held that when the Superior Court reviews a decision of the Commission, it must determine if the Commission "correctly applied the law and whether its fact findings are supported by any competent evidence." Maddocks v. Unemployment Ins. Comm'n, 2001 ME 60, ¶ 7, 768 A.2d 1023, 1025 (quoting McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818, 820). The Court "will not disturb a decision

2

of the Commission unless the record before the Commission compels a contrary result."
McPherson Timberlands, Inc. 1998 ME 177, ¶ 6, 714 A.2d at 820; Lewiston Daily Sun v. Unemployment Ins. Comm'n, 1999 ME 90, ¶ 7, 733 A.2d 344, 346. The Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982). In cases where conflicting evidence is presented, the Law Court has repeatedly held that such conflicts are for the fact finder to resolve. Bean v. Maine Unemployment Ins. Comm'n, 485 A.2d 630, 634 (Me. 1984). Issues of credibility belong to the Commission. Nisson v. Maine Unemployment Sec. Comm'n, 455 A.2d, 945, 949 (Me. 1983).

**B. Applicable Law.**

   *1.     Maine's Unemployment Security Law and "Misconduct"*

Employees shall be disqualified for unemployment benefits if they have been discharged for "misconduct." 26 M.R.S.A. 1193(2). 26 M.R.S.A. § 1043(23) defines misconduct as, "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." If "a culpable breach or a pattern of irresponsible behavior is shown," these actions or omissions constitute 'misconduct.'" Id. at § 1043(23)(A). "Providing false information on material issues relating to the employee's eligibility to do the work or false information or dishonesty that may substantially jeopardize a material interest of the employer." Id. at §1043(23)(A)(5). Whether an

employee's behavior was culpable is an issue of fault and the Law Court has provided some guidance:

> [T]he Commission examines the employee's behavior as the *objective* manifestation of intent. It is not an essential element of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient if the Commission justifiably determines that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests that it may reasonably be deemed tantamount to an intentional disregard of those interests.

Sheink v. Maine Department of Manpower Affairs, 423 A.2d 519, 522 (Me. 1980).

The statute does provide the Petitioner with a possible defense. A finding of misconduct cannot be based solely on an "isolated error in judgment or a failure to perform satisfactorily when the employee has made a good faith effort to perform the duties assigned . . .". 26 M.R.S.A. § 1043(23)(B)(1). Essentially, this Court must decide whether there was sufficient evidence in the record to support the Commission's determination that Petitioner was discharged for misconduct within the meaning of 26 M.R.S.A. § 1193(2) and § 1043(23).

While the Petitioner denies wrongdoing, the Commissioner relied on dates, times and reasoning supplied by the employer in determining that Petitioner was discharged for misconduct. Petitioner falsified his travel documents and changed his travel plans against employer policy, accepting a $300 travel voucher in the process. There is no requirement of showing that the employee had the subjective intent to disregard their employer's interests. Thompson v. Maine Unemployment Ins. Comm'n, 448 A.2d 905, 908 (Me. 1982). Rather, an objective standard is employed, to determine whether the employee's conduct was "unreasonable under all the circumstances of the case." Moore v. Maine

4

Dept. of Manpower Affairs, 388 A.2d 516, 519 (Me. 1978). A finding of misconduct is not disturbed on appeal if the Commission could have justifiably determined that the employee's conduct was of a type, degree, or frequency that violated the employer's interests so as to "reasonably be deemed tantamount to an intentional disregard of those interests." Forbes-Lilly v. Maine Unemployment Ins. Comm'n, 643 A.2d 377, 379 (Me. 1994). An examination of the record reveals that there was more than enough evidence to support this conclusion.

Additionally, Petitioner argues that this incident was an "isolated error of judgment or a failure to perform satisfactorily when [he] made a good faith effort to perform the duties assigned." 26 M.R.S.A § 1043(23)(B). Petitioner did not raise this issue at the Commission level, which forecloses his ability to raise it now before the court. See New England Whitewater Ctr. Inc. v. Dept. of Inland Fisheries & Wildlife, 550 A.2d 56, 58 (Me. 1988).

## CONCLUSION

For the foregoing reasons, the Court affirms the Commission's decision that the Petitioner was discharged for conduct within the meaning of 26 M.R.S.A. § 1043(23)(A)(9). Accordingly, the entry shall be:

The Commission's decision is AFFIRMED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: Sept. 22 , 2005

Andrew Mead
Justice, Maine Superior Court

Date Filed __11/16/2004__ __PENOBSCOT_____ Docket No. __AP-2004-30_____

County

Action _____RULE 80C APPEAL_____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

MARK DOBBINS

vs.

STATE OF MAINE,
UNEMPLOYMENT INSURANCE COMMISSION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CYNTHIA A. DILL, ESQ.<br>1227 SHORE ROAD<br>CAPE ELIZABETH, ME.  04107 | OFFICE OF THE ATTORNEY GENERAL<br>6 State House Station<br>Augusta ME  04333-0006<br>BY: Pamela W. Waite, AAG and<br>     Elizabeth J. Wyman, AAG |

| Date of Entry | |
|---|---|
| 11/16/04 | Petition for Review of Final Agency Action filed by Petitioner. |
| 11/17/04 | Notice of Assigned Justice filed.  Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. /s/Margaret Gardner, Clerk.  Copy forwarded to Petitioner's Attorney. |
| 11/23/04 | By letter, Entry of Appearance by Pamela W. Waite, AAG and Elizabeth J. Wyman, AAG on behalf of Respondent, Maine Unemployment Insurance Commission filed. |
| 12/14/04 | Certified Record filed by Respondent. |
| 12/14/04 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 1/24/05 | Petitioner's Brief filed. |
| 2/25/05 | Brief of Respondent Maine Unemployment Insurance Commission (attachment attached), filed. |
| 3/10/05 | Petitioner's Reply filed. |
| 8/5/05 | Oral Argument on 80C Appeal scheduled 9/7/05 at 10:30 a.m. before Justice Andrew M. Mead. Notice forwarded to all attorneys of record. |
| 9/7/05 | Oral Argument on 80C Appeal held.  Andrew M. Mead, Justice; Karen Smith, Courtroom Clerk.  Not recorded.  Matter taken under advisement.  Justice Mead has file. |
| 9/22/05 | File returned by Justice Mead, Opinion issued. |