Alice C. FREVE

v.

**MAINE EMPLOYMENT SECURITY COMMISSION and Advance Heel Company, Inc.**

Supreme Judicial Court of Maine.

Jan. 23, 1968.

G. Curtis Webber, Auburn, for appellant.

Frank A. Farrington and Milton L. Bradford, Asst. Attys. Gen., Augusta, for appellees.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This case arising under the Employment Security Law comes before us on appeals from the judgment in the Superior Court by the Maine Employment Security Commission and also by Alice C. Freve, the claimant-employee. 26 M.R.S.A. Sec. 1041 et seq.

The decisive issue is whether the claimant complied with provisions of 26 M.R.S.A. Sec. 1193(1) (A), which states that:

"Leaving work shall not be considered voluntary without good cause when it is caused by the illness or disability of the claimant and the claimant took all reasonable precautions to protect his employment status by having promptly notified his employer as to the reason for his absence and by promptly requesting reemployment when he is again able to resume employment."

The Commission in its appeal contends that the Superior Court "was in error when it concluded, as a matter of law, from the

facts, that the commission was in error when it concluded that the claimant failed to protect her employment status by failing to request employment when she was again able to resume employment." The claimant appealed on the ground that the Superior Court erred in finding that she had left her employment voluntarily without good cause attributable to such employment. 26 M.R.S.A. Sec. 1193(1) (A). The appeals are denied.

On November 8, 1965 the claimant, a heel builder, while lifting a heavy barrel of heel lifts was suddenly seized with blindness. She at once left her work. On the day following she returned to the factory, reported the full situation to the foreman, and shortly thereafter underwent surgery in Boston for a detached retina. Her doctor advised her not to work for at least two months. On January 13, 1966 her doctor informed her that she could start light work but could not return to her former job because of the lifting required.

Shortly thereafter she returned to the Advance Heel Company, Inc. As she says, "I went to report and say that I could not go back there, the doctor had forbidden me to work there, and to say that I was ready to work, and that was it."

The claimant, 58 years of age, had worked for the same company at the same job for 28 years. She knew that she was unable to do her old job, and also with knowledge of all the work in the factory that there was no work there that she could do. She told the factory representative that she was "ready to work" but did not specifically request other work. Mr. Hurwitz, representing the Advance Heel Company, while he did not directly answer the question "Would you have any work for her?" said: "There's no operation that I can think of that doesn't require some manual work."

In the words of the presiding Justice,

"It appears clear that the employer had no job for which she was qualified that her health permitted her to do, and she and the employer both knew it.

The claimant at once reported at the local office of the Commission in an effort to seek work which she could do, made inquiries on her own and applied for work in many places. There is no reason to think that the Commission's interviewers directed her to go back to lodge a formal request at her former employers."

■ We are of the view, as was the presiding Justice, that the claimant made a sufficient compliance with the requirements of the statute, supra. The position of the Commission is that the requirement requesting reemployment is specific and anything short of such a request in formal terms may not be deemed compliance with the statute.

On the record we are satisfied that any further request to the employer would have had no meaning. The employer knew, as well as did the claimant, that there was no other work at the factory for the claimant in light of her condition.

The presiding Justice properly applied the principles stated by the Court in Du-Bois et al. v. Maine Employment Security Commission, 150 Me. 494, 505, 114 A.2d 359, 365 (1955) as follows:

"The Commission's findings of fact, when supported by any credible evidence, are conclusive. Judicial review is limited to the correction of errors of law. When the Commission decides facts contrary to all of the credible evidence in the case, it has committed an error of law. New England Tel. & Tel. Co. v. Public Utilities Commission, 148 Me. 374, 94 A.2d 801; Central Maine Power Company v. Public Utilities Commission, 150 Me. 257, 109 A.2d 512. When no dispute as to the facts exists or is possible upon all the evidence, the question becomes one of law."

■ The burden on a claimant to specifically request employment from the employer under the statute may not be lightly

cast aside. When, however, as here, the uselessness of a formal request is established beyond question, we hold that there is a compliance by the claimant with relief from the consequences of a voluntary quit.

In view of our denial of the Commission's appeal the claimant has no further interest in her appeal. It may be said that the finding of the Commission that the condition of the claimant was not "job connected" or, in other words, was not attributable to such employment, was properly sustained in the Superior Court.

The entry will be

Appeals denied.

WEBBER and WEATHERBEE, JJ., not sitting.