STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       Docket No. AP-10-07
                                                  AWC - OXF - 4/20/201.

HARRY D. EVERY,

    Petitioner

v.                                                **DECISION AND ORDER**

UNEMPLOYMENT INSURANCE
COMMISSION, STATE OF MAINE

    Defendant


Petitioner Harry D. Every appeals from the decision of the Maine Unemployment Insurance Commission, denying him unemployment benefits, based on the Commission's determination that Every voluntarily left his employment without good cause attributable to his employment. The Commission also ordered a reimbursement of $2,444.

## I. BACKGROUND

Every worked as a millwright and a welder in Massachusetts for his employer, Downeast Machine & Engineering, Inc. from May 4, 2009, to May 13, 2009. Every's nephew, Robert J. Nowak, worked with him as well. Nowak drove Every and another worker to the worksite in Massachusetts.

Every, Nowak, and the other worker were originally told that the job would involve working ten hours a day. When they arrived on the first day, however, the employer informed them that they would be working for only eight-hours per day. The employer paid the employees $75 a day for expenses, including travel, food and lodging. The employer expected the employees to be responsible for their own transportation to and from the jobsite. Because Every, Nowak, and the other worker

traveled to Massachusetts on short notice, the employer agreed to pay for the hotel room on its credit card and take the cost of the room out of the Every's paycheck. The employer expected Nowak and the other employee to reimburse Every for the cost of the hotel.

During the second week on the job, Nowak became upset because he believed that the employer did not pay him enough. All three workers, including Every, believed that they were not being paid for the entire number of hours that they had worked. According to Every, he had worked forty-eight hours, but had been paid for only forty-four hours.

Nowak confronted the foreman about the discrepancy in their pay. The foreman told the workers not to act like babies. Every tried to call the employer in Maine, but could not reach anyone in the office. The employer contends that Every and the others were paid for every hour they worked in Massachusetts.

Nowak was angry and decided not to finish the work week and to return to Maine. Every wanted to stay to finish the work assigned, but he could not arrange for transportation to and from the jobsite, and did not have money to return to Maine on his own. Every rode back to Maine with Nowak and the other worker.

Every applied for unemployment benefits and was denied because the deputy determined that he had left his work voluntarily and without good cause associated with his employment. Every appealed the deputy's decision to the Division of Administrative hearings, which came to the same conclusion.

Every appealed to the Unemployment Insurance Commission, which affirmed and adopted the Administrative Hearing Officer's findings of fact and conclusions of law on June 3, 2010. On request for reconsideration, in a two-to-one decision, the Commission reaffirmed its prior decision and determined that another hearing was not

2

warranted after reviewing the record. Every now appeals to this court pursuant to Rule 80C.[1]

## II. DISCUSSION

When acting as an appellate body pursuant to M.R. Civ. P. 80C, the court directly examines the record before the agency and reviews its decision for errors of law, findings not supported "by substantial evidence on the whole record," or other indications that the decision was "[a]rbitrary or capricious or characterized by abuse of discretion."[2] 5 M.R.S. § 11007(4)(C) (2011). The court generally gives "great deference to the Commission's interpretation of its own regulations." *Farley v. Maine Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993).

Maine's Employment Security Law disqualifies a claimant from receiving unemployment benefits if the claimant voluntarily left regular employment "without good cause attributable to that employment." 26 M.R.S. § 1193(1)(A) (2009). "Good cause must be measured against a standard of reasonableness under all the circumstances." *Spear v. Me. Unemployment Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986) (quoting *Merrow v. Me. Unemployment Ins. Comm'n*, 495 A.2d 1197, 1201 n.2 (Me. 1985)) (citations omitted).

---

[1] Every also requests that this court order a further hearing on the grounds that the transcript has 145 "indiscernible" statements. A "party contesting the adequacy of the record is required to provide notice of the claimed defect to the *administrative agency* within ten days." *York Hosp. v. Dep't of Human Servs.*, 2005 ME 41, ¶ 15, 869 A.2d 729, 734 (citing M.R. Civ. P. 80C(f)). It does not appear from the record that Every requested the Commission to correct any defects in the record. If Every's motion is construed as a motion for the court to take additional evidence, the motion is untimely. M.R. Civ. P. 80C(e). The record in this case was filed on September 14, 2010. Every filed his motion on October 20, 2010, after the ten-day deadline to file any objection to the record. *Id.* "The failure of a party to file such a motion shall constitute a waiver of any right to the taking of additional evidence." *Id.* Accordingly, the court's review is limited to the record before the agency. 5 M.R.S. § 11006 (2011).

[2] The court is missing pages 30-57 of the record, which appear to be portion of the hearing transcript. The parties do not object to these missing pages and the court will not rely on citations to these missing pages. The court concludes that the record is sufficient for judicial review.

3

In this case, the Commission found that Every left his job primarily because Nowak, his only means of transportation back to Maine, decided to leave the job.[3] The Commission concluded that Every's reasons for leaving the job were personal, and thus did not constitute good cause attributable to his employment. *See Kilmartin v. Me. Employment Sec. Comm'n*, 446 A.2d 412, 414 (Me. 1982) (employee's inability to afford expense for required business trip and reduction of wages as result of transfer not good cause within meaning of section 1193(1)(A)); *Toothaker v. Me. Employment Security Comm'n*, 217 A.2d 203, 209-10 (Me. 1966) ("Distance is rather a personal reason which may render the work unsuitable apart from any conditions of employment."). Generally, personal reasons not related to employment conditions do not constitute good cause attributable to employment. *Snell v. Me. Unemployment Ins. Com.*, 484 A.2d 609, 611 (Me. 1984).

The Commission also determined that one of Every's reasons for leaving the jobsite was his concern about his compensation.[4] Concerns over his compensation, however, was not Every's *primary* reason for leaving. Every stated that had he been able to arrange his transportation to Maine by means other than with Nowak, he would have stayed on the job and finished his work.[5] The facts of this case distinguish it from

---

[3] Nowak also filed a claim with the Commission. *See Nowak v. Down East Machine & Engr., Inc.*, No. 2009 A 10327 (Dec. 23, 2009). In that decision, the Commission found that Nowak left his position for good cause.

[4] Contrary to the Commission's claims, Every gave the employer a reasonable time to change the offensive condition. *Compare Merrow*, 495 A.2d at 1201. Here, Every first brought his concerns to the foreman, who mockingly ordered Every to return to work. Every then attempted to contact the employer directly, leaving a message for the owner. Every's actions were sufficient to put the employer on notice about his concern.

[5] The record supports Every's contention that he would have stayed on the job if he could have arranged alternative transportation:

> Hearing Officer: So if your nephew had not left on that day would you have stayed on the job and finished out the job?
>
> Every: Yes. I finished every other one that I was on.

4

those cases concluding that distance from the job location is a personal reason not related to employment. Because Every was already at the job site in Massachusetts, and because his *only* transportation home to Maine was with Nowak, and Nowak decided to return to Maine without Every having time to arrange for other transportation, Every was left with little choice but to return to Maine with Nowak. Every had good cause to leave the job in Massachusetts when Nowak left. Accordingly, the Commission erred when it found that Every left the position in Massachusetts without good cause.

## III. CONCLUSION

Because the Commission's finding that Every voluntarily left his employment without good cause is erroneous, the decision of the Commission must be vacated.

The entry is:

> The decision of the Unemployment Insurance Commission is vacated. Remanded to the Commission for further proceedings consistent with this Decision and Order.

DATED: April 21, 2011

Robert W. Clifford,
Active Retired Justice

5