STATE OF MAINE
KENNEBEC, SS

DENISE SEE,
    Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
    Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 12-33
*DHM - i N 5/16/2013*

DECISION ON
REVIEW

Before the Court is Denise See's Petition to Review Agency Action of the Maine

Unemployment Insurance Commission (the "Commission") pursuant to M.R. Civ. P. 80C.

Petitioner argues that the Commission Decision contains an error of law in failing to find

compliance with the illness exception of 26 M.R.S.A. § 1193(1) and asserts there is sufficient

evidence in the record to support a finding of entitlement to unemployment compensation. She

complains the Commission's failure to find accordingly amounts to reversible error.

Petitioner worked for the City of Portland (the "City" or the "employer") as a kitchen

worker at the Barron Center, a city-owed nursing home, from January 2011 until June 28, 2011.

While at the Barron Center, the Petitioner usually worked thirty-five hours per week, and earned

$10.06 per hour.

At some time in June 2011, the Petitioner's father called and asked the Petitioner to move

to Florida to help her parents with their daily activities. Petitioner's parents are both in their late

sixties, are overweight, and suffer from poor health. Petitioner's father asked that the Petitioner

and her husband come and stay with them in Florida. Petitioner's father was scheduled to have a

hernia operation and, as a result, would be out of work, while her mother had had a hip

replacement, and was scheduled to have another. Petitioner's parents wanted help with cooking,

1

and carrying and lifting things around the house.

On or around June 17, 2011, the Petitioner informed her employer that she would resign her job effective June 29, 2011 in order to relocate with her husband to Florida. At the time of her move, the Petitioner believed her move to Florida would be permanent. Though employed only for a short time, the Petitioner was well liked, did not want to leave her job, and was an employee in good standing. The human resources representative told the Petitioner that if she returned to Maine, she was welcome to come back to the Barron Center. Petitioner left Maine for Florida on June 30, 2011, and arrived in Florida on July 3, 2011.

The Petitioner filed for unemployment benefits subsequent to her resignation. Deputy's Decision No. 1 disallowed benefits on the grounds that the Petitioner's reasons for leaving her employment were personal in nature, were not caused by the employer, and were beyond the responsibility and control of the employer—such reasons, the Decision articulated, cannot be considered good cause attributable to the employment. 26 M.R.S.A. § 1193. Petitioner appealed that decision to the Division of Administrative Hearings and a hearing was held by telephone on November 18, 2011. The Administrative Hearing Officer determined that the Petitioner met the illness exception of 26 M.R.S.A. § 1193(1)(A)(1), and decided that the Petitioner was entitled to unemployment benefits.

The employer then appealed that decision to the Commission on the grounds that the Hearing Officer erred in finding that the Petitioner met the illness exception. Oral arguments were held by the Commission on May 22, 2012, and the Commission reversed the Hearing Officer's decision, finding that the Petitioner left her work voluntarily without good cause attributable to her employment pursuant to § 1193(1), and otherwise failed to meet the illness

2

exception contained in § 1193(1)(A)(1). Petitioner then filed its Petition with the Superior Court seeking review of the Commission's final agency decision in this matter.

"The scope of judicial review of an administrative agency's factfinding is strictly limited; such a finding may be overturned only upon a showing by a challenger that it was 'unsupported by substantial evidence on the whole record.'" *Bath Iron Works v. Maine Unemployment Ins. Comm'n*, 2002 Me. Super. LEXIS 234, at *3 (June 17, 2002) (*quoting Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 551 (Me. 1985)). The Superior Court's "review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id.* The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See Clarke*, 491 A.2d at 552.

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). "[T]he Court may reverse or modify the decision if the administrative findings, inferences, conclusions or decisions are 'in violation of constitutional or statutory provisions . . . or unsupported by substantial evidence on the whole record; or arbitrary or capricious or characterized by an abuse of discretion.'" *Malual v. Maine Unemployment Sec. Comm'n*, 2011 Me. Super. LEXIS 94, at *8 (May 13, 2011) (giving the standard dictated by 5 M.R.S.A. § 1107(4)(C)).

3

The issue before the Court is whether the Commission's decision to reverse the Administrative Hearing Officer's decision that the Petitioner met the illness exception contained in § 1193(1)(A)(1) was supported by substantial evidence in the whole record. Per the statute, an individual is disqualified from receiving unemployment benefits "[f]or the week in which the claimant left regular employment voluntarily without good cause attributable to that employment. The disqualification continues until the claimant has earned [four] (4) times the claimant's weekly benefit amount in employment by an employer." 26 M.R.S.A. § 1193(1)(A). However, an exception exists, in § 1193(1)(A)(1), that a claimant may not be disqualified from receiving unemployment benefits if:

> [t]he leaving was caused by the illness or disability of the claimant or an immediate family member and the claimant took all reasonable precautions to protect the claimant's employment status by promptly notifying the employer of the need for time off, a change or reduction in hours or a shift change and being advised by the employer that the time off or change or reduction in hours or shift change cannot or will not be accommodated . . . .

26 M.R.S.A. § 1193(1)(A)(1).

The burden of proof lies with the Petitioner to demonstrate that her reasons for leaving her employment were for good cause attributable to her employment. *See Spear v. Maine Unemployment Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986). However, personal reasons, no matter how compelling, cannot support a finding of good cause attributable to one's employment. *See Snell v. Maine Unemployment Ins. Comm'n*, 484 A.2d 609, 611 (Me. 1984) (holding that good cause attributable to one's employment cannot arise if the basis for voluntarily leaving one's employment is personal). Therefore, this case turns, first, on whether the Petitioner left work because of the "illness or disability of the claimant or an immediate family member." 26 M.R.S.A. § 1193(1)(A)(1).

4

The Petitioner testified that her parents were getting older ("They're both, you know, 68 and 86" [sic]),[1] overweight, have medical issues, need help with cooking, carrying things, lifting, etc. Her father had a hernia operation and her mother has hip replacement problems. She further explained that her father[] "doesn't have any illness. He's just overweight and doesn't get around as well as he used to." In response to a question about whether her parents had an illness she stated, "No. They asked—because they asked me to leave to help them." The Commission found that the Petitioner's parents were not suffering from an illness or disability.

There is relatively little case law on the subject of what, precisely, constitutes an illness or disability such that it meets the exception of § 1193(1)(A)(1). By way of an example, in *Southard v. Maine Emp. Sec. Comm'n*, the Cumberland County Superior Court (J. Brody) held that for purposes of the exception, alcoholism constitutes an illness. *See* 1982 Me. Super. LEXIS 71, at *2 (Feb. 3, 1982). The Court has been unsuccessful in finding Maine cases that deal specifically with how the exception applies to the illness or disability of an immediate family member. Therefore, whether the maladies presented by the family member or members in question qualifies as an illness or disability is a factual determination left to the Commission.

It is inappropriate for the Court to hold that the Commission was wrong in making such a subjective factual determination because the Commission was merely analyzing the present condition of the Petitioner's parents—they are overweight, have had recent surgeries that rendered them unable to work, frequent doctor's appointments, and mobility issues—and found that, based on these facts, her parents were not suffering from an illness or disability. Essentially, the Commission construed these facts to mean that such a list of maladies do not, either in isolation or cumulatively, amount to illness or disability, and therefore, the Petitioner's reasons for relocating to Florida were personal. While the Court may disagree with the

---

[1] 68.

5

Commission's conclusions, such a subjective conclusion does not amount to error and there are sufficient facts in the record to support the Commission's conclusion. As to the first prong of requirements of § 1193(1)(A)(1), the Petitioner has not met her burden of proof.

The second prong of the § 1193(1)(A)(1) exception is whether the Petitioner took "all reasonable steps to protect her employment status . . . ." 26 M.R.S.A. § 1193(1)(A)(1). Here, as with the first prong, the Commission found that the Petitioner failed to meet this requirement. The language of the statute is such that if the first prong—the illness and disability prong—is not met AND the second prong is not met, then the exception shall not apply to the Petitioner.

Where the Court agrees with the Commission's finding regarding the first prong, it is not required to address the second. For purposes of completeness, however, the court notes *Freve v. Maine Emp't Sec. Comm'n*, which states that "[w]hen . . . the uselessness of a formal request is established beyond question, we hold that there is compliance by the claimant with relief from the consequences of a voluntary quit." 237 A.2d 584, 586 (Me. 1968). In other words, because the Petitioner was completely incapable of complying with the second prong, her compliance should be presumed.

The Commission, however, argues that Petitioner's reliance on *Freve* is misplaced because the statute was amended in 2009 to remove the requirement that the claimant seek reemployment from the employer, and was replaced with the requirement that the claimant must seek time off or some other form of accommodation. What the Commission seems to be arguing is that where in *Freve*, seeking reemployment was futile, here, seeking accommodations, such as time off, is not futile enough to create the requisite presumption of satisfaction of the second prong. The Commission argues that the Petitioner here is fully capable of returning to Maine, and there is presented no insurmountable obstacle to her returning to her employment. Such an

6

argument fails to take into consideration that the record reflects Petitioner's employer made it clear to Petitioner that she was welcome to return to employment at the Center should she return to Maine. *Freve* should apply.

For reasons explained herein, the entry will be:

The petition for relief from Decision of the Unemployment Insurance Commission No. 11-C-12288, dated June 20, 2012, is DENIED.

May 16, 2013

JUSTICE, SUPERIOR COURT

| Date Filed | 7/16/12 | | Kennebec County | Docket No. AP-12-33 |
|---|---|---|---|---|

Action: <u>Petition for Review</u>
         80C

**J. Marden**          ~~J. Mills~~

Denise See                              vs.          Unemployment Insurance Commission

---

Plaintiff's Attorney

Joseph Baldacci, Esq.
PO Box 1423
Bangor, ME 04402-1423

Defendant's Attorney

Elizabeth Wyman, AAG (UIC)
6 State House Station
Augusta, ME 04333-0006

~~Ann M. Freeman, Esq.~~ (City of Portland)
Jennifer Thompson, Esq. (City of Portland)
389 Congress Street
Portland, ME 04101-3509

Date of Entry

---

| | |
|---|---|
| 7/24/12 | Petition To Review Agency Action, filed 7/16/12. s/Baldacci, Esq. |
| 7/30/12 | Letter entering appearance, filed. s/Wyman, AAG |
| 8/6/12 | Letter, filed. s/Freeman, Esq. <br> Request to participate in review of the Petition in this matter, entering appearance, and requesting the court allow filing of this request despite lapsed time. |
| 8/17/12 | Request granted, Murphy, J. <br> Copies to attys. of record. |
| 8/24/12 | Administrative Record, filed 8/21/12. s/Wyman, AAG |
| 8/30/12 | NOTICE AND BRIEFING SCHEDULED ISSUED: <br> Copies mailed to attys. of record. |
| 10/1/12 | Petitioner's Brief, filed. s/Baldacci, Esq. |
| 10/18/13 | Brief of Respondent Maine Employment Insurance Commission |
| 10/25/12 | Letter regarding the brief of the Maine Unemployment Insurance Commission, filed. s/Freeman, Esq. |
| 11/6/12 | Petitioner's Reply Brief, filed. s/Baldacci, Esq. |
| 3/27/13 | Oral argument scheduled for 5/8/13 at 1:00. <br> Copy to Atty Baldacci, AAG Wyman, Atty Freeman |
| 4/2/13 | Entry of Appearance, filed. s/Thompson, Esq. |
| 5/8/13 | Oral argument held, J. Marden presiding. <br> Appearances for Jonathan Johnson, Esq. and Elizabeth Wyman, AAG. <br> No record made, no clerk in courtroom. |

Under advisement.

Page 1       AP-12-33

Page 1       AP-12-33

5/16/13   Decision on Review, Marden. J
      The petition for relief from Decision of the Unemployment Insurance Commission No.
      11-C-12288, dated June 20, 2012, is DENIED.
      Copies to Baldacci, Wyman, and Thompson.
      Copy to repositories.
      Notice of removal sent to parties.