STATE OF MAINE
KENNEBEC, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 12-34
DHM KEN- 7/29/2013

ROXY-LEIGH BITTUES,
Petitioner

DECISION

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
Respondent

Before the Court is Petitioner Roxy-Leigh Bittues' appeal from Decision No. 12-C-03656

issued by the Maine Unemployment Insurance Commission (the "Commission"), which adopted

and affirmed Administrative Hearing Officer Decision No. 2012-A-02132. The Decision of the

Hearing Officer set aside Deputy's Decision No. 2, and denied the Petitioner benefits from

December 25, 2011 until the Petitioner has earned $1,104.00 in employment by an employer

because she left work voluntarily without good cause attributable to her employment within the

meaning of 26 M.R.S.A. § 1193(1). Ms. Bittues argues that she left her job with good cause

attributable to her employment and met the follow-the-spouse exception provided for in 26

M.R.S.A. § 1193(1)(A)(2).

Ms. Bittues worked for the Workers' Compensation Board (the "employer") full-time as

an Office Associate II from January 11, 2010 until January 3, 2012. At her job, Ms. Bittues was

considered to be a good and valued employee. In September 2011, Ms. Bittues put in an

application for a leave of absence in order to travel with her husband from January through

March of 2012; on the application, her stated reason was to hold her job in case things did not

work out when she moved. The employer denied Ms. Bittues' request, and Ms. Bittues admits

that she did not discuss the reasons for her request for a leave of absence with her employer or

1

immediate supervisor, Cheryl Kramer. Ms. Bittues states that she indicated in her request for leave of absence that she would be returning to Maine. Ms. Bittue subsequently resigned from the Worker's Compensation Board employment.

Ms. Bittues' last day of work was December 26, 2011, and she and her husband left Maine the same day. Ms. Bittues states that relocating with her husband was her sole reason for resigning from her employment. Ms. Bittues owns a home in Winthrop, Maine, and did not rent out the home or list it for sale after moving. In order to travel, Ms. Bittues and her husband owned an RV, and parked and lived at a campground on Tybee Island, Georgia. She and her husband traveled from campground to campground on Tybee Island, and also moved to Myrtle Beach, South Carolina. Ms. Bittues states that she left Tybee Island after nine weeks because she could not find employment, and rent at the campground was $1,300.00 a month, a price she could no longer afford. Meanwhile, Ms. Bittues' testified her husband did not travel to the South in order to get a job in another state.

On February 1, 2012, Ms. Bittues was granted unemployment insurance benefits on the grounds that she had voluntarily quit her job in order to follow her spouse to a new place of residence in accordance with 26 M.R.S.A. § 1193(1)(A)(2). The employer appealed the decision, and a telephonic hearing was held before the Division of Administrative Hearings on April 2, 2012. The Hearing Officer issued a Decision finding that Ms. Bittues should be denied benefits because she left work voluntarily without good cause, and did not prove by substantial evidence that she qualified for the "follow-the-spouse" exception to the voluntary quit disqualification. Ms. Bittues next appealed to the Commission, which issued a decision affirming and adopting the Hearing Officer's Decision, and this appeal to the Superior Court pursuant to M.R. Civ. P. 80C followed.

2

When the Court reviews a decision of the Maine Unemployment Insurance Commission, it reviews the administrative record to determine whether the Commission's findings, inferences, conclusions, and decisions are supported by substantial evidence in the whole record. *See* 5 M.R.S.A. § 11007(4)(C)(3); *McPherson v. Maine Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court reviews the Commission's decision to establish "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d 818. This Court will not disturb a decision of the Commission "unless the record before the Commission compels a contrary result." *Id.*; *see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). Whether evidence in the record is "credible" is "uniquely the Commission's province as fact-finder," and should not be disturbed on appeal. *Cotton v. Maine Emp't Sec. Comm'n*, 431 A.2d 637, 640 (Me. 1981).

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

The issue presently before the Court is whether Ms. Bittues demonstrated (by providing substantial evidence) that she left her job for good cause attributable to her employment by meeting the exception contained in § 1193(1)(A)(2); the precise issue is whether Ms. Bittues moved to a new place of residence within the meaning of the law.

Per § 1193(1), an individual is disqualified from receiving unemployment benefits "[f]or the week in which the claimant left regular employment voluntarily without good cause attributable to that employment. The disqualification continues until the claimant has earned 4 times the claimant's weekly benefit amount in employment by an employer." 26 M.R.S.A. § 1193(1)(A). However, a claimant may not be disqualified if "[t]he leaving was necessary to accompany, follow or join the claimant's spouse in a new place of residence, and the claimant is in all respects able, available and actively seeking suitable work . . . ." 26 M.R.S.A. § 1193(1)(A)(2).

Both parties appear to agree that the necessary analysis is whether there is sufficient evidence in the record demonstrating that Ms. Bittues relocated to a "new place of residence" within the meaning of the Employment Security Law. If there is not adequate proof in the record, the Decision of the Commission must be upheld regardless of whether the Court would have decided the matter differently. Chapter 17.8(A)(5) of the Rules Governing the Administration of the Employment Security Law defines "new place of residence" as: "a place other than that in which the claimant most recently lived, and in which the claimant intends to live for an indefinite period of time, and which is located at such a distance from the previous employment so as to render commuting unreasonable." 12-172 C.M.R. ch. 17, § 8(1) (2004). The Commission correctly noted in its Decision that whether there is good cause to award unemployment benefits to an individual must be measured against a standard of reasonableness under all the circumstances. *See Snell v. Maine Unemployment Ins. Comm'n*, 484 A.2d 609, 610 (Me. 1984).

The new place of residence analysis in this circumstance concerns whether the claimant intended to live in the new place for an indefinite period of time. Ms. Bittues advocates that the

4

Commission misapplied the law to the facts, and should have instead found that she intended to live in a new place for an indefinite period of time. The Commission, on the other hand, argues that Ms. Bittues' leave of absence, the temporary nature of traveling in an RV and living at a campground, as well as the fact that Ms. Bittues did not rent out or sell her home in Winthrop all indicate that she planned to return to Maine in the Spring.

The Commission found that Ms. Bittues resigned her job in order to follow her husband to a new place of residence, but that the serious disparity between her conduct and the statements she made to her employer during the resignation process belie her unexpressed intent to remain out-of-state indefinitely. Further, the Commission found that the employer presented credible evidence that Ms. Bittues had no intention of permanently relocating, but only wanted to travel with her husband during the winter months.

Ms. Bittues argues that the basis of the Commission's decision is invalid for a few reasons. First, Ms. Bittues' purchase of an RV does not necessarily indicate transiency or lack of long-term relocation/residency because millions of people in the United States live in RVs on a permanent basis.[1] Second, the itinerant nature of Ms. Bittues' residence at various campgrounds on Tybee Island and her eventual relocation to Myrtle Beach are overemphasized by the Commission because, in reality, Ms. Bittues only lived in two locations. And third, Ms. Bittues continued to actively seek work in both Georgia and South Carolina, which indicates an intent to remain there long term.

Ms. Bittues asserts that the Commission's interpretation of the facts contained in the record is incorrect. For instance, Ms. Bittues argues that the Commission should not have found that ownership of an RV indicates a lack of long-term intent to remain out of state, and that Ms.

---

[1] No information as to basis for this assertion.

Bittues' request of a three-month leave of absence was not indicative of her intent to return to Maine and her previous employment. However, the Court is confined in this appeal to ensuring that there is adequate support in the record for the Commission's findings of fact. Certainly here, Ms. Bittues could not argue that the Commission committed any legal error; Ms. Bittues' appeal appears to be based solely on the Commission's factual findings and application of the Employment Security Law.

While it is somewhat disputable that the Commission's findings regarding its characterization of RV ownership are conclusive, Ms. Bittues' failure to contradict her expressed request to have the employer hold her job in the event of her return betrays her intent to remain out of Maine indefinitely. Additionally, the retention of a home in Maine is strong evidence of an intent to return. The Court will not disrupt the Commission's findings since there is adequate evidence in the record to support its decision.

For the reasons stated, the entry will be:

The petition for judicial review is DISMISSED.

Dated: July 29, 2013

JUSTICE, SUPERIOR COURT

6

Action:  <u>Petition for Review</u>        **J. Marden**        ~~J. MILLS~~
         80C

Roxy-Leigh Bittues                   vs.      Unemployment Insurance Commission

Plaintiff's Attorney                          Defendant's Attorney

Joseph Baldacci, Esq.                         Elizabeth Wyman, AAG
Jonathan Johnson, Esq.                        6 State House Station
P.O. Box 1423                                 Augusta, Maine 04333-0006
Bangor, Maine 04402-1423

Date of Entry

| | |
|---|---|
| 7/24/12 | Petition for Review, filed 7/17/12.  s/Bittues, Pro Se |
| 7/3012 | Letter entering appearance, filed. s/Wyman, AAG |
| 8/10/12 | Certified return receipt served on Maine Workers Comp Board on 7/18/12, filed.  (7/25/12)<br>Certified return receipt served on Unemployment Insurance on 7/18/12, filed.  (7/25/12)<br>Certified return receipt served on Attorney General on 7/18/12, filed.  (7/25/12) |
| 9/18/12 | Administrative Record, filed 8/28/12.  s/Wyman, AAG |
| 9/19/12 | NOTICE AND BRIEFING SCHEDULE ISSUED:<br>Copies to party/atty. |
| 10/29/12 | Motion to Enlarge Time to File Petitioner's Brief, filed. s.Baldacci, Esq<br>Proposed Order, filed. |
| 10/30/12 | ORDER, Mills, J.  (10/29/12)<br>The motion to enlarge time to file petitioner's brief by twenty-one days is hereby granted.<br>Copies to attys. of record<br><br>Letter informing the court there is no objection to the motion, filed. s/Wyman, AAG<br><br>Entry of Appearance, filed. s/Johnson, Esq. |
| 11/19/12 | Petitioner's Brief, filed. s/Johnson, Esq. |
| 12/17/12 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Wyman, AAG |
| 12/31/12 | Petitioner's Reply Brief, filed. s/ Johnson, Esq. |

7/9/13      Oral argument scheduled for July 24, 2013, at 9:00.
            Notice to Attys Baldacci and Johnson and AAG Wyman

7/24/13     Oral argument held.  J. Marden presiding
            Jonathan Johnson, Esq. and Elizabeth Wyman, AAG appeared.
            No record made, no clerk in courtroom.
            Under advisement.

7/30/13     DECISION, Marden, J.  (7/29/13)
            The petition for judicial review is DISMISSED.
            Copy to Attys Baldacci and Johnson and AAG Wyman.
            Copy to repositories.