ENTERED DEC 1 0 2014

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-20
DHM-KEN-12-02-14

KRISTA VIRCHOW,

    Petitioner

v.

**ORDER**

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

    Respondent

Before the court is a petition in the nature of an appeal from a denial of the Maine Unemployment Insurance Commission, Decision No. 14-C-01453, denying a reconsideration of Decision No. 13-C-11327, in which the Commissioner affirmed the decision of the administrative hearing officer disqualifying the Petitioner from receiving benefits on the grounds that she voluntarily left regular employment without good cause attributable to that employment within the meaning of 26 M.R.S.A. § 1193(1).

Petitioner began her employment with Pen Bay Healthcare on May 14, 2012, as a Material Services Assistant. She left that employment on October 4, 2013, stating in a notice, dated October 4, 2013, "I will be returning to my home in Mass without a job." Her notice of termination read

To Whom it may concern, For the last 17 months I have been working in a temporary in Rockport, Main[e]. As of today my employment has been terminated.

I will be returning to my home in Mass without a job. Will be searching for work as soon as possible in Mass.

The employer's notice of termination of the same date carried the reason for leaving as "employee terminated–could not continue in extended position."

Petitioner asserts that it was her expectation upon being hired that it would be a temporary position until January or February of 2013, by which time her services would no longer be required at the Rockport location. She believed that her position would come to an end. She further explained that, "the home in Massachusetts that I still need to support, while living in Maine, and paying rent for such a period of time was causing financial hardship." She explained that traveling frequently, five hours one way to Brimfield, Massachusetts, from Rockland, was additionally worrisome and costly. "The person overseeing the home could not continue after February of 2013. This required additional travel on my part." She went on to state, "I feel I went above and beyond the expectation of the temporary position that was supposed to end in a timely matter. They were aware of my need to return to Mass." "I did my best to stay for a smooth transition to Maine Health and believe I am entitled an unemployment benefit."

The Respondent asserts that there is no dispute that claimant left her employment voluntarily. It agrees that the issue before the administrative hearing

officer and the Commission is whether the Petitioner had good cause within the meaning of the employment security law to leave her employment.

Title 26 M.R.S.A. § 1193 provides that an individual shall be disqualified for benefits if she left regular employment voluntarily without good cause attributable to that employment. There are two parts to that provision. First, whether or not the individual left employment with good cause, and secondly, whether that cause is attributable to the employment. It is Ms. Virchow's position that she took the job with Pen Bay Medical Center as a temporary position, expecting it to terminate within a number of months. She was willing to accept the temporary hardship of renting a room in Rockport while being responsible for significant financial obligations back at her residence in Massachusetts. However, the circumstances which would have caused the position to terminate within a number of months did not take place through no fault of her own. She asserts that this change in the circumstances by the employer created such a hardship that it was necessary for her to terminate her position.

The Claimant must establish that she resigned for good cause attributable to her employment. That good cause must be measured against a standard of reasonableness. *Spear v. Maine Unemployment Ins. Comm'n*, 505 A.2d 82 (Me. 1986). "Good cause exists when the pressure of real, substantial and reasonable circumstances compel the employee to leave. The employee must be forced to quit

because of outward pressures" *Sprague Elec. v. Maine Unemployment Ins. Comm'n*, 544 A.2d 728 (Me. 1988). The court is satisfied that the Petitioner has met her burden of proving that she resigned for good cause, however, the good cause was for personal reasons and not reasons attributable to her employment. *Snell v. Maine Unemployment Ins. Comm'n*, 484 A.2d 609 (Me. 1984). It is clear from the record that the Petitioner was an excellent employee and could have continued her position for a number of subsequent months. The decision to terminate was for strong personal obligations and not "attributable to her employment."

For the reasons state, the entry will be:

Petition for review is DENIED.

The clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

DATED: 12-2-14

Donald H. Marden
Superior Court Justice

Date Filed 3/24/14          <u>Kennebec</u>          Docket No. AP-14-20          F
                            County

Action:  <u>Petition for Review</u>          **J. Marden**          ~~J. Murphy~~
         80C

Krista L. Virchow          vs.          Unemployment Insurance Commission

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Krista L. Virchow, Pro Se<br>260 Brookfield Road<br>Brimfield, MA  01010 | Nancy Macirowski, AAG<br>6 State House Station<br>Augusta, ME 04333 |

Date of Entry

| | |
|---|---|
| 3/26/14 | Petition for Review of Final Agency Action, filed (3/24/14) s/Virchow, Pro Se |
| 3/31/14 | Entry of Appearance, filed. s/Macirowski, AAG |
| 4/18/14 | Certified Record, filed 4/16/14.  s/Macirowski, AAG |
| 4/18/14 | Notice and Briefing Schedule issued.<br>Copy to Petitioner and AAG Macirowski |
| 6/4/14 | Petitioner's brief, filed.  s/Virchow, Pro Se |
| 7/3/14 | Brief of Respondent, filed.  s/Macirowski, AAG |
| 8/6/14 | Oral argument scheduled for 9/3/14 at 3:00.<br>Notice of Hearing mailed to Petitioner and AAG Macirowski on 7/22/14. |
| 11/4/14 | SPECIAL ASSIGNMENT ORDER, Humphrey, CJ (10/23/14)<br>It is ORDERED that J. Donald Marden is assigned to hear and dispose of all matters that may arise in connection with this case, including hearing the case on the merits.<br>Copy to Petitioner and AAG Macirowski |
| 11/7/14 | Hearing held 11/6/14, J. Marden presiding.<br>Krista Virchow, Pro Se;  Nancy Macirowski, AAG<br>Tape 1966, Index 835-1220<br>Under advisement |
| 12/8/14 | ORDER, Marden, J.  (12/2/14)<br>Petition for review is DENIED.<br>Copy to Petitioner and AAG Macirowski<br>Copy to repositories |
| 12/8/14 | Notice of removal of Record sent to AAG Macirowski |