Sherry PROCTOR

v.

MAINE EMPLOYMENT SECURITY COMMISSION and Pleasant Mountain Moc.

Supreme Judicial Court of Maine.

Oct. 17, 1979.

Martha E. Geores, Pine Tree Legal Assistance, Inc., Augusta (orally), Donald F. Fontaine, Portland, for plaintiff.

Allan A. Toubman (orally), Patricia M. McDonough, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

ARCHIBALD, Justice.

Plaintiff has appealed from the decision of the Superior Court which denied her petition for unemployment compensation benefits, charging an overpayment to her account.

We deny the appeal.

Appellant had previously injured a finger while performing her duties as a handsewer for Pleasant Mountain Moc, appellee. The appeal tribunal affirmed a deputy's finding that this injury prevented her from doing the particular type of handsewing in which she was then engaged. That decision was not appealed.

Subsequently, Pleasant Mountain Moc offered to rehire appellant, who refused under the claim that her prior injury precluded accepting this employment. The commission found, as a fact, that appellant's refusal could not be attributed to her prior injury because the job tendered (sewing regular moccasins) was sufficiently different from the previous job (sewing "English Seams" on shoes) to render the new offer suitable and within appellant's capabilities.[1] Thus, pursuant to 26 M.R.S.A. §§ 1221–23 and § 1193(3)(B)(4),[2] the commission denied appellant benefits.

Proctor argues, nevertheless, that under subsection (3)(B)(4) of section 1193 the "position" offered was the same as that previously vacated "for good cause," and, there-

---

1. The commission found, additionally, that appellant was faced with child care problems which formed a basis, in part, for her refusal.

2. § 1193. Disqualification.
   An individual shall be disqualified for benefits:

   .    .    .    .    .

   3. Refused to accept work. For the duration of his unemployment subsequent to his having refused to accept an offer of suitable work for which he is reasonably fitted .  . except, that, if the commission determines that refusal has occurred for cause of necessitous and compelling nature, the individual shall be ineligible for the week in which the refusal occurred and while such inability or unavailability continues.

   .    .    .    .    .

   B. Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

   .    .    .    .

   (4) If the *position* offered is the same one previously vacated by the claimant for good cause attributable to that employment or is the *position* which the employee left for reasons attributable to that employment, but which were found insufficient to relieve disqualification for benefits under subsection 1, paragraph A, provided that, in either instance, the specific good cause or specific reasons for leaving have not been removed or otherwise changed. (emphasis supplied).

fore, the statutory exception to disqualification applies and she is entitled to unemployment benefits. We disagree.

We are faced first with the question as to the meaning of the word *position*. Subsection (4) of section 1193(3)(B) [3] was enacted in 1977 as an addition to the otherwise standard disqualification exceptions in the statute. Neither the briefs submitted by the parties nor our research has disclosed any similar provision in statutes of other jurisdictions; the issue is, as well, one of first impression in Maine.

■ Given the structure of section 1193 and the myriad employment situations to which it must be applied, we recognize that the legislature intended the word "position" to have a relative meaning. A rigid or inflexible definition could readily defeat the purpose sought to be served by the addition of subsection 4 to section 1193(3)(B). For example, the word "position" may not have the same meaning when applied to the small shop in which the work the employee does is dependent upon assignment of the immediate supervisor as it has in the large industrial plant with a collective bargaining agreement in which the work the employee does is dependent upon job classification and job description. Within the context of the instant case, we construe the word "position" as referring to the employee's work assignment. Since subsection (3)(B)(4) speaks of the "position offered" as being the "same one previously vacated," it suggests that "position" refers only to the particular tasks last assigned, whatever they may have been. That this interpretation is consistent with the purpose of the subsection is evident from the "exception to the exception" found in subsection (4). There, if the "good cause" for refusal to accept work or the "specific reasons for leaving" have been removed or changed, the claimant cannot avail himself of the provisions of subsection (4). Within the context of this employment situation, to interpret the term "position" as referring to general employment rather than to the actual tasks or work assigned would render this proviso inoperative.

■ Consistent with the preceding interpretation, the commission's obligation then becomes that of a fact finder. It must determine first whether the employment offered is the same type of work as that previously vacated by the claimant. Thus, an offer of reemployment by the same employer is not necessarily sufficient to meet this criterion, since the claimant could be offered work in a totally different capacity from the one which he had left. Next, if the commission determines that the type of employment offered is the same, it must then decide whether the specific "good cause" or "reasons for leaving" have been removed or changed. If they have been so altered, there is then no impediment to the claimant's accepting reemployment with the same employer or in the same field. It is only when the same job is offered to the claimant, the original leaving of which was justified by good cause or otherwise, that the claimant may refuse the work and not suffer the disqualification imposed by section 1193.

■ In the present case the standard of review is whether there is any competent evidence to support the findings of the commission. *Moore v. Department of Manpower Affairs,* Me., 388 A.2d 516, 518 (1978); *Dubois v. M.E.S.C.,* 150 Me. 494, 505, 114 A.2d 359, 365 (1955). Testimony existed both pro and con as to the suitability of the job offer, and appellant's reasons for refusal. Having reviewed the record as a whole, we find ample evidence to support the findings of the commission. The commission could quite reasonably hold that sewing regular moccasins was different in both degree of difficulty and physical requirements from sewing "English Seams." Appellant had the burden of establishing that the subsequent employment offer was unsuita-

---

**3.** P.L.1977, ch. 536.

**908**

ble. She has failed to meet that burden. *See Therrien v. M.E.S.C.,* Me., 370 A.2d 1385, 1391 (1977).

The commission's findings, being supported by competent evidence, cannot be said to be clearly erroneous.

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY, J., did not sit.