STATE OF MAINE
KENNEBEC, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 12-35
*DHM- KEN- 7/29/2013*

LESLIE JONES,
    Petitioner

v.

DECISION

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
    Respondent

Before the Court is Petitioner Leslie Jones' Petition brought pursuant to M.R. Civ. P. 80C asking the Court to review a decision—12-C-05147—of the Unemployment Insurance Commission (the "Commission") denying benefits to Ms. Jones. The Commission affirmed the Administrative Hearing Officer's Decision denying the Petitioner unemployment benefits based on her alleged refusal to take "an offer of suitable work for which she was reasonably well fitted." According to the Petitioner, the offer was not suitable, and she believes she should be eligible for benefits.[1]

Ms. Jones was employed by the Maine Department of Health and Human Services ("DHHS") from April 2010 to March 2012. She worked as a Customer Representative Associate in Lewiston from September 2010 until September 2011 at a rate of pay of $12.48 an hour. When Ms. Jones worked in Lewiston, she had a commute of about forty minutes each way from her home in Winthrop. In September 2011, Ms. Jones was offered a promotion to the position of Planning and Research Associate at DHHS's vital records office in Augusta, where she worked until March 8, 2012. During her six months of employment in Augusta, Ms. Jones was paid at a

---

[1] The Petitioner's precise argument is: "[w]hile it is true that the Petitioner did not accept the offer of work, the offer was not, in fact, suitable, and her refusal should not affect her eligibility for benefits."

1

rate of $13.59 per hour. The commute between the Augusta office and Ms. Jones' home was approximately twenty minutes each way.

On March 8, 2012, the employer informed Ms. Jones that she had not passed her probation period in her new position. At that time, the employer told Ms. Jones that she could return to her former position as a Customer Representative Associate in Lewiston, a move that was permitted under the applicable Collective Bargaining Agreement ("CBA"). The rate of pay would revert to $12.48 an hour, as opposed to the $13.59 an hour she earned while working in Augusta.

While employed in Augusta, Ms. Jones had been commuting with another person because she had lost her license and was unable to drive herself to work. Ms. Jones knew of one person with whom she could ride to Lewiston, but asserts that the person was unreliable. Additionally, if Ms. Jones returned to work in Lewiston, she would not have been able to make the 5:30 pm pickup time for her children's daycare. This had not previously been a problem because Ms. Jones' mother was able to pick up the children from daycare at the end of the workday.

Rather than respond immediately, Ms. Jones apparently required time to consider whether it was feasible for her to return to the position in Lewiston. To that end, Ms. Jones took two weeks of vacation and sick time. However, at the end of two weeks, on March 23, 2012, Ms. Jones' supervisor told her that if she did not return to work on Monday, March 26, 2012, she would be considered to have abandoned her employment. Ms. Jones informed the employer on or about March 23, 2012 that she would be unable to report to work the following Monday. Officially, Ms. Jones' employment did not come to an end until March 27, 2012, when she emailed the employer—her supervisor, specifically—and voiced her decision not to return to her former position.

2

Ms. Jones applied for unemployment benefits on or around April 9, 2012. The deputy for the Maine Department of Labor, Division of Administrative Hearings determined that Ms. Jones was discharged from her job, but not for misconduct on her part, and that she was accordingly eligible for unemployment benefits of $290 per week beginning on March 4, 2012. The deputy also found that Ms. Jones' employer, DHHS, was a direct reimbursement employer. DHHS appealed the deputy's decision on April 10, 2012, and Administrative Hearing Officer, Maryanne Prince, upheld the deputy's decision on May 10, 2012, but did not address the issue of whether Ms. Jones had been offered a suitable job and rejected it.

A subsequent deputy decision found that Ms. Jones had turned down an offer of suitable work for which she was reasonably fitted, and declared her ineligible for benefits until she earns $2,320 from an employer. Ms. Jones appealed from this decision, and a telephonic conference was held on May 29, 2012; Ms. Jones was not represented by counsel. The Administrative Hearing Officer, Anna T. Collins, upheld the deputy's decision on June 1, 2012. As to Ms. Jones' reasons for refusing the offer to return to work in Lewiston, the hearing officer found that "there is no substantial evidence in the record to find that her attempts were such that the situation was outside of her control. It cannot be found that the claimant had good cause for her refusal of a suitable work offer." Ms. Jones has sought review of this decision by the Court.

"The scope of judicial review of an administrative agency's factfinding is strictly limited; such a finding may be overturned only upon a showing by a challenger that it was 'unsupported by substantial evidence on the whole record.'" *Bath Iron Works v. Maine Unemployment Ins. Comm'n*, 2002 WL 1978895, at *3 (June 17, 2002). The Superior Court's "review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson*

3

*Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id*; *see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See* 5 M.R.S.A. § 11007(4)(C)(5); *Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985).

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

26 M.R.S.A. § 1193 of the Maine Employment Security Law provides, in part, that:

> [a]n individual shall be disqualified for benefits . . . [f]or the duration of the individual's unemployment subsequent to the individual's having refused to accept an offer of suitable work for which the individual is reasonably fitted, or having refused to accept a referral to a suitable job opportunity when directed to do so by a local employment office of this State . . . .

26 M.R.S.A. § 1193(3). Additionally, the claimant has the burden of showing that the subsequent employment offer was unsuitable. *See Proctor v. Maine Emp't Sec. Comm'n*, 406 A.2d 905, 907 (Me. 1979). Section 1193(3)(A) delineates factors the Commission considers when determining whether the proffered employment is suitable:

4

[i]n determining whether or not any work is suitable for an individual during the first 10 consecutive weeks of unemployment, the deputy shall consider the degree of risk involved to the individual's health, safety and morals, the individual's physical fitness and prior training, the individual's experience and prior earnings, the individual's length of unemployment and prospects for securing local work in the individual's customary occupation and the distance of the available work from the individual's residence.

In *Grace v. Maine Emp't Sec. Comm'n*, the Law Court held that "[t]he Commission's assessment of the suitability of a proffered position rests on an evaluation of all the factors included in section 1193(3) . . . . No single factor is determinative." 398 A.2d 1233, 1235 (Me. 1979); *see also Clarke*, 491 A.2d at 551. Further, the suitability of the employment offer must be assessed at the time such an offer is made. *See Clarke*, 491 A.2d at 552 n.2.

In the case presently at bar, the Court is cognizant of the fact that Ms. Jones presents personal circumstances that formed her decision to refuse the offer of employment. The Court understands that the commute from her home in Winthrop to the job in Lewiston presented logistical difficulties because she did not, at the time, have a driver's license, did not have access to a reliable carpool situation, and was unable to accommodate her children's daycare schedule. Ms. Jones argues that she refused the offer of employment in part because she understood she would not be able to be in Lewiston full time, and would not be able to meet her employment obligations. There is not enough evidence in the record to conclude that the offer of employment itself made to Ms. Jones was anything other than suitable.

The standard of review clearly dictates that the Court must evaluate whether there is any competent basis for the finding of the Commission. *See Moore v. Dep't of Manpower Affairs, Emp't Sec. Comm'n*, 388 A.2d 516, 518 (Me. 1978). While there is adequate basis in the record to reach a conclusion contrary to that of the Commission, the standard of review specifically mandates that even where a contrary result is perceptible, the Court does not have the authority

5

to reverse the finding of the Commission absent insufficient evidence in the record. *See Proctor*, 406 A.2d at 907 (recognizing pros and cons regarding the suitability of a job offer, but concluding nonetheless that the commission made a reasonable finding). The Commission, regardless of the options available to it, concluded that the offer of employment made to Ms. Jones was suitable. While her reasons for refusing the offer are compelling, and the Court can certainly sympathize with her various personal needs, it is not empowered to reverse the finding of the Commission in this matter.

The Law Court, in *Proctor*, recognized that myriad conclusions are often achievable, and can even be equally justifiable. *See id.* That the Commission reached one particular conclusion cannot be so easily invalidated when, after reviewing the record as a whole, the Court finds ample evidence supporting the findings of the Commission. That there was also ample evidence in the record to conclude to the contrary is irrelevant—the Court is hamstrung by the substantial deference standard so long as the record itself justifies the Commission's finding. *See Clarke*, 491 A.2d at 552 (holding that "[t]he fact that the record contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the agency's findings from being sustained if there is substantial evidence to support them."). Additionally, the Law Court has held that if conflicting evidence is presented, such conflicts are within the purview of the factfinder (*i.e.*, the Commission) to resolve. *See Bean v. Maine Unemployment Ins. Comm'n*, 485 A.2d 630, 634 (Me. 1984).

However, the Court must also pay heed to Ms. Jones' arguments, namely, that the Commission should have considered Ms. Jones' personal circumstances at the time the offer of employment was made. As dictated in *Grace*, "[a]n examination of section 1193(3) reveals that the Commission must compare both wage rate and total earnings in the old and proffered jobs in

determining whether the proffered employment is suitable." *Grace*, 398 A.2d at 1235. This is done in order to "measure . . . whether the new job matches the claimant's prior experience and training." *Id*.

Accepting the offer of employment meant a pay cut—by $1.11 per hour—and was also only an offer of temporary employment. Ms. Jones also asserts that she was hoping to secure a better job. That Ms. Jones was offered a temporary job after being required to leave a permanent job that was only twenty minutes away as opposed to forty minutes should is not lost on the Court. However, that the Commission in its Decision was not persuaded by this hardship does not amount to clear error.

Additionally, it is highly relevant that the job Ms. Jones was offered in Lewiston was the same one she had held previously. The Law Court held in *Clarke* that evidence that the job being offered is the same position previously held by an individual is "highly relevant." *See Clarke*, 491 A.2d at 553. Circumstances of an individual's life are subject to change. While working in Lewiston the first time, Ms. Jones had a driver's license and the assistance of her mother in picking up her children from daycare. When offered the job in Lewiston in March 2012, she no longer had either of these personal accommodations—her personal circumstances had changed. Still, Ms. Jones has not met her burden of demonstrating that the job itself was unsuitable or posed a risk to her safety, health, or morals. Put simply, the offer of employment extended to Ms. Jones was highly inconvenient.

Reaching this conclusion was, really, the extent of the Commission's consideration of the suitability of the offer of employment. Hearing Officer Collins wrote that "[t]he employer offered the claimant employment in the same position that the claimant had worked for the employer in the past. Therefore, it is found that the offer of employment was an offer of suitable

7

work." While there is reference to the factors outlined by § 1193(3)(A), the Commission gives relatively short shrift to Ms. Jones' personal circumstances. Hearing Officer Collins wrote that just because Ms. Jones claims she is unable to find reliable rides to work or help with picking her children up from daycare, it is not enough to allow her to find that Ms. Jones had good cause for refusing the offer of suitable work.

While this seems to be an inadequate consideration and application of the § 1193(3)(A) factors, the Court likely does not have the authority to overturn the finding simply because it is not satisfied with the amount of time spent on evaluating Ms. Jones' circumstances. The conclusion reached by the Hearing Officer is valid, and accordingly, deference is required.

The Court questions whether the Commission took into account these changes in circumstance. But, because the Commission was aware of these changes and did not find a risk to Petitioner's "health, safety and morals" it appears to have made its decision based on a complete understanding of all the evidence in the record. This is not enough to demonstrate the Commission failed to base its decision on competent evidence.

For reasons as stated, the entry will be:

The petition for judicial review is DISMISSED.

Dated: July 29, 2013

JUSTICE, SUPERIOR COURT

8

| Date Filed | 8/6/12 | Kennebec | Docket No. AP-12-35 |
|---|---|---|---|
| | | County | |

Action: Petition for Review
      80C

**J. Marden**     ~~J. MILLS~~     F

---

Leslie Jones            vs.        Maine Unemployment Commission

---

Plaintiff's Attorney              Defendant's Attorney

Randy Robinson, Esq.          Elizabeth Wyman, AAG
PO Box 10653                 6 State House Station
Portland, ME  04104           Augusta, ME  04333-0006

Date of Entry

---

| | |
|---|---|
| 8/6/12 | Petition For Review Of Denial Of Benefits, filed 8/6/12.  s/Robinson, Esq. |
| 8/24/12 | Letter entering appearance, filed.  s/Wyman, AAG |
| 9/13/12 | Certified Record, filed. |
| 9/27/12 | Notice and Briefing Schedule issue:<br>Copies to attys. of record |
| 11/5/12 | Brief of Appellant, filed. s/Robinson, Esq. |
| 12/5/12 | Brief of Respondent Maine Unemployment Insurance Commission, filed.<br>Wyman, AAG |
| 7/9/13 | Oral argument scheduled for July 24, 2013 at 9:30.<br>Notice sent to Atty Robinson and AAG Wyman |
| 7/24/13 | Oral argument held.  J. Marden presiding.<br>Attorney Robinson and AAG Wyman appeared.<br>No record made, no clerk in courtroom.<br>Under advisement. |
| 7/30/13 | DECISION, Marden, J.  (7/29/13)<br>The petition for judicial review is DISMISSED.<br>Copy to Atty Robinson and AAG Wyman. |
| 7/30/13 | Notice of removal of Record mailed to AAG Wyman. |