STATE OF MAINE
LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-05

LORRAINE SCHLEIS,   )
                    )
    Petitioner      )
                    )
v.                  )                     ORDER ON
                    )                     80C PETITION
MAINE UNEMPLOYMENT  )
INSURANCE COMMISSION,)
                    )
    Respondent      )

This matter is before the Court on Petitioner Lorraine Schleis's Rule 80C appeal of the Maine Unemployment Insurance Commission's (the "Commission's") decision to temporarily disqualify Ms. Schleis from receiving unemployment benefits pursuant to 26 M.R.S. § 1193(3). *See* 26 M.R.S. § 1194(8); 5 M.R.S. § 11001 *et seq.*; M.R. Civ. P. 80C. The Commission affirmed and adopted the Administrative Hearing Officer's decision that Ms. Schleis should be temporarily disqualified from receiving unemployment benefits because she refused to accept an offer of suitable work, and that her employer's experience rating record would not be changed.

## BACKGROUND

Prior to becoming unemployed, Ms. Schleis worked on and off for a staffing agency as a customer service representative in Rockland making $12.50 per hour. (R. 37-39.) Ms. Schleis became unemployed on March 22, 2016, and registered to receive unemployment benefits beginning on our about March 28, 2016. (R. 22, 37, 59, 61.)

On April 28, 2016, Kelli Williams, a representative of the staffing agency, contacted Ms. Schleis and offered her a temporary 30-hour per week office assistant position located in Belfast at the rate of $12.00 per hour  (R. 40.) Ms. Schleis understood

Belfast to be about thirty miles from her home in Rockland. (R. 44.) Ms. Schleis was only willing to commute ten to fifteen miles to work so she told Ms. Williams that Belfast was outside of her range. (R. 40, 44-45.)

At a June 7, 2016, hearing before the Administrative Hearing Officer, Ms. Schleis testified that Ms. Williams did not give her any details about the job other than the location. (R. 43.) Ms. Williams, who appeared on behalf of the staffing agency, testified that she did give Ms. Schleis more information about the job. (R. 48.) Ms. Schleis had never worked as an office assistant, but she testified that the job duties as later described to her were "plausible." (R. 46.) She further testified that the pay and the hours of the offered position as later described to her were "acceptable." (R. 46.)

Following the April 28, 2016, telephone conversation, Ms. Williams notified the Department of Labor Bureau of Unemployment Compensation (the "Bureau") that Ms. Schleis had refused an offer of employment. (R. 66-67.) The Bureau, in Deputy Decision No. 10, dated May 9, 2016, found that Ms. Schleis had refused an offer of suitable work. (R. 58-63.) Following the June 7, 2016 telephonic hearing, the Administrative Hearing Officer, in Decision No. 2016-A-02822, dated June 14, 2016, found that Ms. Schleis had refused an offer of suitable work. (R. 21-24.) Ms. Schleis appealed to the Commission. (R. 12-20.) Through the Chair acting alone,[1] the Commission issued Decision No. 16-C-03540, dated August 3, 2016, affirming and adopting the decision of the Administrative Hearing Officer, with no additional facts taken. (R. 9-11.) Ms. Schleis requested reconsideration pursuant to 12-172 C.M.R. ch. 9 § 2(C) (2016). (R. 4-8.) Through the

---

[1] The Commission Chair acted alone on behalf of the Commission because the Employer Representative position and the Labor Representative position were vacant. (R. 1-2 (citing 26 M.R.S. § 1081(3)).)

Chair acting alone,[2] the Commission issued Decision No. 16-C-04366, dated September 15, 2016, denying Ms. Schleis' request for reconsideration. (R. 1-3.) Ms. Schleis filed her Rule 80C petition in this matter on September 19, 2016.

## STANDARD OF REVIEW

In its appellate capacity, the court reviews agency decisions for "abuse of discretion, error of law, or findings not supported by the evidence." *Rangeley Crossroads Coal. v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. The burden of proof is generally on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Bd. of Trs.*, 661 A.2d 167, 170 (Me. 1995). *See also Proctor v. Me. Emp't Sec. Com.*, 406 A.2d 905, 907 (Me. 1979) (petitioner carries the burden of proving that a job offer was not suitable); *but see Tobin v. Me. Emp't Sec. Comm'n*, 420 A.2d 222, 225 (Me. 1980) (the Commission carries the burden of proving suitability when the job offer was a "referral-direction" from a local employment office). "Inconsistent evidence will not render an agency decision unsupported." *Bischoff*, 661 A.2d at 170. "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982). The

---

[2] The former Commission vacancies had been filled by the time the Commission reviewed Ms. Schleis' request for reconsideration. (R. 1.) The Commission Chair chose to act alone on Ms. Schleis' request because the Chair had acted alone on Ms. Schleis' initial appeal and rendered the very decision to be reviewed. (R. 1; *see* note 1, supra.) Ms. Schleis apparently does not argue that the full Commission should have acted on her request, but she apparently questions the propriety of having a decision reconsidered by the same individual who rendered it. (Pet.'s Pet. 1; Pet.'s Br. 4; Pet.'s Reply Br. 2.) The Commission Chair may act alone when other Commission members are absent or when the other members are disqualified. 26 M.R.S. § 1081(3) (2016). Given the fact that the other members of the Commission were absent when the Chair rendered the initial decision in this matter, it was not unreasonable for the Chair to determine that they were disqualified from acting on Ms. Schleis' request for reconsideration.

court will not overrule findings of fact supported by substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Lewiston Daily Sun v. Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A.2d 344 (quoting *Crocker v. Me. Emp't Sec. Comm'n*, 450 A.2d 469, 471 (Me. 1982)).

## DISCUSSION

Under Maine's Employment Security Law, 26 M.R.S. § 1041 et seq., an individual shall be disqualified from receiving unemployment benefits "[f]or the duration of the individual's unemployment subsequent to the individual's having refused to accept an offer of suitable work for which the individual is reasonably fitted . . . ." 26 M.R.S. § 1193(3) (2015). The question of the suitability of the work offered in a given case is one of fact. *Clarke v. Me. Unemployment Ins. Com.*, 491 A.2d 549, 551 (Me. 1985).

Ms. Schleis apparently argues that the position offered was not suitable because she was not qualified for office work and because thirty miles is an unreasonable commute. However, Ms. Schleis testified before the Administrative Hearing Officer that the required duties of the offered position were "plausible." (R. 46.) Furthermore, the court agrees with the Commission's conclusion that thirty miles is a reasonable commuting distance in the State of Maine. (R. 23.)

Ms. Schleis also argues that she did not actually refuse the position because she "was never even told what it was." (Pet.'s Br. 4.) Indeed, Ms. Schleis testified before the Administrative Hearing Officer that Ms. Williams did not give her any details about the position other than its location. (R. 43.) However, Ms. Williams testified that she *did* give Ms. Schleis more details about the position, including "what the job entailed" and the rate of pay. (R. 48.) Furthermore, the Commission found that although Ms. Williams might not have given Ms. Schleis all of the details of the offered position, "the record

demonstrates that [Ms. Schleis] declined the job without allowing [Ms. Williams] to provide all of the details." The court agrees with the Commission's finding that Ms. Schleis' "refusal to learn all of the details of the job does not render the employer's offer an invalid offer of work." (R. 22.)

## CONCLUSION

In light of the foregoing, the Court affirms the decision of the Unemployment Insurance Commission.

Date: April 3, 2017

Daniel I. Billings
Justice, Maine Superior Court